(1 App. Div. 331.)

### SHANNON v. PENTZ et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. **WILLS—CONSTRUCTION.**
    A will (1) gave half the income of the estate to testatrix's husband for life; (2) gave half the income to her daughter for life; (3) provided, if husband and daughter both die, the estate be divided among the daughter's issue, at the age of 21; (4) provided, if the husband die first, the estate go to the daughter, and at her death to her children,—if no issue, to her cousins; (5) provided, if the daughter die first, leaving no children, the estate go to the husband, and at his death to the testatrix's nieces and nephews. *Held,* that the children, in no event, took till they were 21 years old, and that, the husband surviving, the daughter took her share of the income for life, though she left children.

2. **SAME—PERPETUITIES.**
    A will, giving the income of testatrix's estate to her husband and daughter for life, and the estate to the daughter's children, to be divided among them on their becoming 21 years old, and, in the event of the daughter's leaving no issue, giving the estate to others, does not violate the statute against perpetuities, the children taking a vested estate, defeasible by condition subsequent.

3. **LIS PENDENS.**
    One cannot, after filing of lis pendens, obtain a title from a party to the action which will defeat the judgment, though the conveyance be under a power in a will.

Appeal from judgment on report of referee.

Action by John Porter Shannon against Margaret C. Pentz and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Appeal by the defendants, Margaret C. Pentz, Rufus L. Todd (individually and as executor and trustee under the last will and testament of Mary L. Todd, deceased), Adeline R. Tucker, Charles S. Lowther (individually and as administrator with the will annexed of Emma J. Lowther, deceased, and Charles Lowther, deceased), Grace E. Lowther, George S. Pentz, Margaret Pentz, Bergh Pentz, and Dewitt Pentz, from an interlocutory judgment entered in the office of the clerk of the county of New York on the 26th day of September, 1895, overruling exceptions to the report of a referee, confirming said report, and directing a sale of the premises therein described, and partition of the proceeds. The property partitioned belonged originally to William Shannon and Rachel Shannon, his wife, each of whom died intestate in 1883. They left surviving six children. One of these was Mary L. Todd, who died in 1890, leaving surviving her husband, Rufus L. Todd, her daughter, Adeline R. Tucker, and an infant child of the latter, Kenneth T. Tucker. She left the following will, which was admitted to probate the same year:

"In the name of God, amen. I, Mary L. Todd, wife of Rufus L. Todd, of the city of New York, New York, being of sound mind, declare this to

be my last will and testament: First. After my lawful debts are paid, I give to my husband, Rufus L. Todd, one-half the income of my estate, real and personal, during his lifetime. Second. I give to my daughter, Adeline R. Tucker, one-half the income of my estate, personal and real, during her lifetime. Third. Should my husband die and my daughter die, the estate to be divided equally between my daughter's issue at the age of twenty-one. Fourth. Should my husband die first, the estate to go to my daughter, and at her death to her children; if no issue, to her cousins. Fifth. Should my daughter die first, leaving no children, the estate to go to my husband, and at his death to my nieces and nephews. I hereby apoint Rufus L. Todd to be my true and lawful executor, without bonds, to sell and invest as he may think best to enhance the value of my estate. This my last will and testament. In witness whereof, I have hereunto subscribed my name and affixed my seal the twentieth day of August, one thousand eight hundred and eighty-nine.          Mary L. Todd.

"Witnesses:

"Addie R. Todd Tucker.

"Rachel P. Shannon."

The defendants Rufus L. Todd and Adeline R. Tucker answered, setting up the invalidity of all the provisions of this will except those appointing Mr. Todd executor and trustee, and claiming for Mr. Todd, as such executor and trustee, the proceeds of the sale of Mary L. Todd's one-sixth interest. The judgment appealed from decrees that the will is valid, and that its provisions determine the rights of the parties to said one-sixth interest. Rufus L. Todd, individually and as executor and trustee, Adeline R. Tucker, and seven of the other defendants, appeal. Of these other seven, three, by their answers, acquiesced in the judgment prayed for in the complaint, and four did not plead at all. On April 30, 1895, after the commencement of the action, the filing of the lis pendens, and the joinder of issue, but before the referee had filed his report, or judgment had been entered, Rufus L. Todd, individually and as executor and trustee of Mary L. Todd, deceased, and Adeline R. Tucker, joined in a conveyance to one Gilbert M. Todd of the one-sixth interest formerly belonging to Mary L. Todd. No change in the record was made by joining the grantee, or otherwise.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

W. A. Boyd, for appellants.

Yellott D. Dechert, for plaintiff and respondent.

George C. Holt, guardian ad litem, for respondents Porter C. Shannon and Gertrude M. Shannon.

Charles Donohue, Charles W. Coleman, and Frank L. Donohue, guardians ad litem for various infant defendants who have not appealed, file a brief uniting with the appellants in asking that the judgment, as it stands, be reversed.

BARRETT, J. The will of Mary L. Todd, the validity of which is the only substantial question on this appeal, presents, when all its provisions are compared, a fairly plain and consistent scheme. The first and second clauses provide that husband and daughter shall each have half the income of the estate for life. The third clause discloses the general intention that at the end of these life estates the property shall go to the daughter's children, if any, when of age. The fourth clause enlarges the daughter's rights, if she outlives the husband, by giving her all the income for life from the time of his death. It reasserts the right of her children to the remainder, and, if there are no children, gives such re-

mainder to her cousins. The fifth clause provides that should the daughter die first, leaving no children, the estate shall go to the husband for life, and at his death to the nieces and nephews of the testatrix. Read by itself, and literally, this clause disposes of nothing, except in one contingency,—the predecease of the daughter without children. Read, however, in connection with the prior provisions of the will, it is abundantly plain that the condition of the daughter's leaving no issue was meant to affect only the remainder given to the nieces and nephews, and not the additional half of the income to go to the husband. The husband acquired similar rights by the fifth clause to those which the daughter acquired by the fourth. Taking the will as a whole, the following is the true construction of the provisions: (1) That the husband and daughter shall each have half the income of the estate during their joint lives, and, upon the death of either, that the survivor shall, for the rest of his or her life, have the share of the decedent; (2) that after the expiration of these life estates the estate shall go to the daughter's issue, at the age of 21; and (3) that, in default of such issue, it shall go to the cousins of the daughter, being the nieces and nephews of the testatrix. A somewhat different construction is urged upon us by counsel, viz. that, if the husband should die first, then, by the terms of the fourth clause, the children take at once upon the daughter's death, and that only in the event of the daughter's dying first is their taking postponed till their majority. This is not a harmonious view of the general scheme of the will. The third clause should be considered in connection with the fourth clause, as much as with the fifth. If it may supply a deficiency in the fifth clause by its display of intention that the children shall have the first right to the remainder, it ought also to be permitted to qualify the fourth clause by showing how they shall take that remainder.

This brings us to the consideration of the question as to the validity of the third clause. It seems to be the unanimous opinion of counsel that this clause, as it stands, violates the statute against perpetuities. The respondents seem to concede that the will can be sustained only by treating the provisions of the third clause as an alternative contingency, distinct and separable from those provisions which do not violate the statute. The appellants, upon the other hand, invoke the doctrine that, to render future estates valid, they must be so limited that in every possible contingency they will absolutely terminate within the statutory period. We deem it unnecessary to pass upon these contentions, for the reason that in our judgment the clause in question does not violate the statute against perpetuities. No rule of construction was earlier or more firmly fixed in the English law than the one that a gift or devise to a person at his majority, or a direction of payment or transfer to him at that time, imported a condition subsequent, not precedent, which permitted the vesting of the estate or interest, and merely defeated it on the nonfulfillment of the condition. Boraston's Case, 3 Coke, 19; Edwards v. Hammond, 3 Lev. 132; Bromfield v. Crowder, 4 Bos. & P. 313; Hunt v. Moore, 14 East, 601; Doe

v. Newell, 1 Maule & S. 327; Goodtitle v. Whitby, 1 Burrows, 228; Farmer v. Francis, 9 Moore, 310; Greet v. Greet, 5 Beav. 123.    These cases are distinguishable from the case at bar only in the feature, present in most of them, of a limitation over in case the taker should die during minority.    Jarman, in his work on Wills, has declared this to be an essential feature of the doctrine.    1 Jarm. Wills (5th Ed.) p. 809.    But the cases hardly bear him out in this view.    Indeed, this feature was absent in Boraston's Case, which was the fountain head of the doctrine.    In Roome v. Phillips, 24 N. Y. 463, there is a quasi recognition of the distinction made by Jarman. Judge Davies there stated the rule as follows (page 465):

"A devise to A. in fee, when he attains the age of twenty-one years, becomes a vested remainder, provided the will contained an intermediate disposition of the estate, or of the rents and profits during the minority of A., or it directed the estate to go over in the event of A. dying under age."

The will there contained such a limitation over, so that the precise question here presented was not decided, nor was it intimated in distinct language that the result would have been different but for the limitation over.    This rule was extended by Rapallo, J., in Manice v. Manice, 43 N. Y. 303, so as to cover cases where there is no limitation over.    There the testator directed his trustees, after the termination of an estate for the life of the widow, to sell certain property, have the rest appraised, divide the whole into 12 equal parts, and pay over to each of his sons and daughters a specified number of such parts.    There were limitations over in case of death before the division.    The learned judge showed conclusively (pages 365, 366) that the nondisposition of the rents and profits intermediate the death of the widow and the creation of the shares (a marked feature of the present case) was the strongest possible indication that the right of the children vested at once, since thus the right to the income would attach thereto, and be disposed of.    "But for the alternative provisions in this will," said the learned judge (page 370), "providing for the contingencies of death of sons or daughters before the division, there can be no doubt that an indefeasible estate in remainder was created by the will in favor of each son, which vested in him immediately upon the death of the testator, and which would pass to his heirs or assigns if he died or conveyed before the death of the widow.    *    *    *    These remainders were limited upon the precedent trust estate for the life of the wife, and, upon her death, each would be seised and possessed of an undivided interest in the realty and personalty, subject only to the exercise of the power of division and sale given to the executors."    Proceeding to consider the effect of these limitations, he decides that they do not alter the result which he has described.    This reasoning would seem to dispose of the point in question, notwithstanding the existence there of an ulterior limitation.    But there is a later case, more closely in point, and one which is quite decisive.    Radley v. Kuhn, 97 N. Y. 26.    There, after an estate to C. for life, it was provided that, "if he should die leaving any lawful children, the said real estate    *    *    *    is to become theirs in fee when they arrive at the age of twenty-one, and the same is devised accordingly."    There was

no limitation over. It was held that on C.'s death the estate vested absolutely in his children, and, if they died under age, in their heirs. Rapallo, J., states the rule without qualification (page 35): "It is well settled that, where an estate in land is devised to an infant 'when he attains the age of twenty-one years,' his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession. He takes a vested fee." If, he adds, there is a contingent limitation over in case he does not attain majority, it "does not prevent the vesting of the fee in the first devisee, but merely renders such fee defeasible by condition subsequent. * * * When, therefore, as in the present case, there is no such contingent limitation over, the devisee or devisees to whom the land is given 'when they become of age' take an absolute and indefeasible fee, and in case of their dying under age the fee vests in their heirs, and not in the heirs of the testator." The direction to divide which is found in the present will makes even plainer the intention to postpone the enjoyment merely, and so gives still stronger reason for applying the rule, broadly stated in Manice v. Manice, 43 N. Y. 380, that where nothing is interposed between the infant and his enjoyment of the possession of the estate, except his own minority, he has a vested estate. It is plain, therefore, that the provision for the children, as it stands, is valid.

The referee was quite right in ignoring the grant to Gilbert M. Todd. The grantee could no more, after the filing of the lis pendens, obtain a title from a party to the action which would be superior to and supersede the judgment, by means of a power of sale contained in a will, than he could by a transfer of an interest held by the grantor in his individual capacity. As to the defense of a prior action pending to partition the same property, it is enough to say that none of the appellants pleaded the fact, or raised the point at the trial.

The judgment correctly determined the rights of the parties in the premises. There is no other valid reason for assailing it, and it should be affirmed, with costs to the plaintiff and to the guardian ad litem for the infant defendants Shannon to be paid out of the fund. All concur.