J. FREDERIC KERNOCHAN, as Trustee under the Will of JOHN R. MARSHALL, Deceased, of the Separate Trust for the Benefit of MARIE MARSHALL, Appellant; v. MARIE MARSHALL et al., Appellants, Impleaded with Others.

JOHN J. WYSONG et al., as Trustees under the Will of JOHN R. MARSHALL, Deceased, Respondents.

WILL — CONSTRUCTION OF PROVISION CONTINUING TRUST IN CASE OF INCOMPETENCY OF BENEFICIARY. In a will giving the net income of the testator's residuary estate to his wife for life, and directing upon her death a division of the estate between his daughters, whose shares were to be held in trust for the period of twelve years and thereafter to belong to them, if living, provisions that in case of the inability or incompetency of a daughter her share shall be held and managed by the trustees, after the period specified for the duration of the trust, the estate meantime to become legally vested in such daughter as if the trust were not continued, are inconsistent; nor can they be effectuated as a power in trust, inasmuch as the estate vests absolutely in the daughter at the expiration of the trust period specified; and the duly appointed committee of her person and estate, and not the trustees, is entitled to manage her share thereafter.

*Kernochan* v. *Marshall*, 41 App. Div. 429, reversed.

(Argued January 21, 1901; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

July 1, 1899, upon an order modifying a judgment entered upon the report of a referee in an action to obtain a construction of certain provisions of the will of John R. Marshall, deceased, and to settle the accounts of trustees thereunder.

The facts, so far as material, are stated in the opinion.

*Henry F. Miller* for J. Frederic Kernochan as trustee, appellant. The fixed intention and settled purpose of testator was that each daughter, at the end of the twelve-year period, should be absolutely vested with the title of the estate previously held in trust for her. (*Delaney* v. *Van Aulen*, 84 N. Y. 21.) The words upon which respondents base their claim for a continuation of the trust in reality recognize the estate as vested in the daughter, and merely suggest a mode of management of the estate as thus vested. (*McDonald* v. *Walgrove*, 1 Sandf. Ch. 274; *Moore* v. *Appleby*, 36 Hun, 368.) The suggested management by the former trustees is not possible in law. (*Leggett* v. *Perkins*, 2 N. Y. 297; *Wood* v. *Wood*, 5 Paige, 596.) The only mode of management of the estate of an incompetent is that which the statute devolves upon a committee duly appointed. (Code Civ. Pro. §§ 2320, 2321, 2322, 2337, 2341, 2342.) It is necessary and essential in order to carry out testator's will to direct the estate to be handed over to the committee of Marie Marshall, for this is the only possible legal way that the estate can be vested absolutely in her, and yet be attended to and managed for her benefit by another. (*Van Nostrand* v. *Moore*, 52 N. Y. 20 ; *Wager* v. *Wager*, 96 N. Y. 174 ; *Gasquet* v. *Pollock*, 1 App. Div. 512; 158 N. Y. 734.)

*Egerton L. Winthrop, Jr.,* and *William Jay,* as guardian ad litem, for Marie Marshall, appellant. The construction of the trial court in holding that by the terms of the fourth clause of the will of John R. Marshall, his daughter, Marie Marshall, at the expiration of twelve years after the death of the widow, became the owner of the fee of the real estate and absolutely possessed of the personal estate held in trust for her, and that such ownership was not abrogated by the clause

by which it was attempted to give the trustees a discretionary power to continue the trust, was correct. (*Embury* v. *Sheldon*, 68 N. Y. 227; *Goebel* v. *Wolf*, 113 N. Y. 405; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Bruner* v. *Meigs*, 64 N. Y. 506; 1 R. S. 730, § 67; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *T. G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37; *Webb* v. *Wools*, 2 Sim. [N. S.] 267; *Bardswell* v. *Bardswell*, 9 Sim. 319; *Van Duyne* v. *Van Duyne*, 1 McCarter, 397; *Byrnes* v. *Stilwell*, 103 N. Y. 453.) As the legal estate in the principal of the trust held for the benefit of Miss Marshall is now vested in her, the trustees cannot now, upon any determination on their part to continue the trust, do so by virtue of any power in trust contained in the will. (1 Perry on Trusts, § 289; *Cook* v. *Lowry*, 95 N. Y. 103; *T. G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37; *Bailey* v. *Bailey*, 28 Hun, 603.)

*J. Frederic Kernochan* and *George G. Freer* for J. Frederic Kernochan, as committee of Marie Marshall, appellant. The intention of the testator, as gathered from a reading of the entire will, including the permissive clause for continued trust management, is that his daughter Marie should be the absolute owner of the estate which had been set apart to be held in trust for her benefit for the period of twelve years after the death of his widow. (*Phillips* v. *Davies*, 92 N. Y. 199; *Ritch* v. *Hawxhurst*, 114 N. Y. 512; *Roe* v. *Vingut*, 117 N. Y. 204; *Tilden* v. *Green*, 130 N. Y. 29; *Matter of Gardner*, 140 N. Y. 123; *Clay* v. *Wood*, 153 N. Y. 134; *Roseboom* v. *Roseboom*, 81 N. Y. 359; *Clarke* v. *Leupp*, 88 N. Y. 228; *Benson* v. *Corbin*, 145 N. Y. 351.) The estate being in the absolute ownership of testator's daughter Marie, it is not possible for the trustees to continue the trust management, or in any other legal manner retain the control and management of her estate. (*Greene* v. *Greene*, 125 N. Y. 506; *Clay* v. *Wood*, 153 N. Y. 139; *Bailey* v. *Bailey*, 28 Hun, 603; *Mills* v. *Husson*, 140 N. Y. 99; *Cochrane* v. *Schell*, 140 N. Y. 516.) The estate being now vested in tes-

tator's daughter Marie, it must be in the care, control and
management of the committee of her estate, she being of
unsound mind. (*Gasquet* v. *Pollock*, 1 App. Div. 512; 158
N. Y. 734.)

*Lewis Cass Ledyard* for John J. Wysong, as trustee,
respondent. The testator has declared in unequivocal language
that during the incompetency of an insane daughter the trus-
tees are to continue to hold and manage her share upon the
trust for such daughter so long as such inability or incompe-
tency shall continue. (*Campbell* v. *Stokes*, 142 N. Y. 23.)

*Charles L. Jones* for Martha M. Wysong, individually and
as trustee, respondent. The intention of the testator as ascer-
tained upon a consideration of the whole instrument should
prevail. (*Tilden* v. *Green*, 130 N. Y. 52.) It was the inten-
tion of the testator that the estate (not the title) of his
daughter in the remainder should become, or be vested, at the
expiration of the twelve years, whatever her mental con-
dition might be, for otherwise her interest in the remainder
might never become vested in her, so as to enable her to dis-
pose of such interest by her will, and, further, it would
remain contingent as to her heirs or next of kin until her
death; and while the whole title continued in the trustees the
legal estate in remainder became vested in her. (*Stevenson* v
*Lesley*, 70 N. Y. 512; *Losey* v. *Stanley*, 147 N. Y. 560;
Fowler on Real Prop. 276, § 81.) If Marie Marshall was
vested with the absolute title of her property after the expira-
tion of the twelve years, and discharged from the trust, the
committee of her person and estate might have the right to
administer the estate, but the order appointing the committee
cannot supersede the provisions of the will. These continue
the trust and keep it alive. (*Pharis* v. *Gere*, 110 N. Y. 336.)

GRAY, J. The trustees of the separate trust created by the
will of John R. Marshall, deceased, for the benefit of Marie
Marshall, his daughter, have brought this action for the settle-
ment of their accounts and for the direction of the court as

to the disposition of the trust estate in their hands. The construction of the fourth clause of the will is involved, wherein the testator disposes of his residuary estate upon certain trusts. The executors, as the trustees, are directed to apply the net income to the use of the testator's wife during her life and, upon her decease, to divide the estate into as many shares as there shall be daughters of the testator; allotting, in the event of any daughter having died leaving issue, one share to such issue. The trustees were to hold each share, in trust to apply the net income thereof to the use of the daughter, during the period of twelve years from the decease of the testator's widow, or for the period of her life, if she should not live so long. Upon the expiration of the trust period of twelve years, or upon the sooner decease of the daughter, the testator provided that the share "shall go and belong and I hereby give such share to such daughter if living and her heirs forever." Provisions are then made for the event of the decease of a daughter, either before the expiration of the period of twelve years, or before the decease of the testator's widow, by giving her share to her surviving lawful issue, heirs at law, or next of kin, as the case might be. The testator then concluded the residuary clause by providing : " That if at the expiration of the period of twelve years herein specified for the continuation of the trust or trusts in their favor, it be found by my executors or their successors that either of my said daughters is unable or incompetent to attend to or manage her estate, then they may continue to hold and manage the same upon the trust for such daughter so long as such inability or incompetency shall continue, the estate of such daughter meantime to become legally vested in like manner as if such trust were not so continued as last aforesaid." When his will was made, Mr. Marshall had three daughters; which fact he expressly notes in this clause. His daughter Marie, the disposition of whose estate is now in question, was at the time mentally unsound. After Mr. Marshall's death, in 1881, his widow survived him and died in 1885. The three daughters, further, survived her and upon the expiration of the trust period of twelve years, in 1897, the

trustees of each of the three trusts created by the will have accounted for their management, in actions of which the present is one.

It appears that, after the decease of the widow and before the expiration of the trust period of twelve years, Marie Marshall was adjudged to be a person of unsound mind and a committee of her person and estate was appointed by the Supreme Court of this state. The committee claimed to be entitled, as such, to the trust estate in the hands of the trustees and the referee, before whom the trial was had, determined that question is his favor. The referee's report was confirmed and the judgment directed the trustees to transfer to Mr. J. F. Kernochan, as the committee of Marie Marshall, the trust estate remaining in their hands. Upon the trustees appealing, with respect to that direction of the judgment, the Appellate Division modified the judgment by directing that the trust estate should be continued in the trustees' hands, upon the trust created by the will, so long as Miss Marshall's inability and incompetency shall continue. In the opinion of the learned Appellate Division below, the effect of the concluding provision of the residuary clause was to continue the trust therein created for the daughter, who should be found incompetent, and there was deemed to be " no inconsistency between the direction that the trustees should continue to have and manage the estate in trust for the daughter and the direction that the estate of such daughter meantime was to become legally vested in like manner as if such trust were not continued," if the latter direction is construed as " confined solely to the *corpus*, or rather the remainder, of the trust estate." I am not able to concur in this view, upon a careful consideration of this residuary clause and of the import which should be attached to its language. The rule of testamentary construction, that the intention of the testator shall be given effect as far as it is legally possible to do so, requires that it be ascertained by reading the language used in its ordinary sense and the testamentary clause, which is in question, as a connected whole. What was the actual intention of the testator, as ascertained

from his will, must be decided upon a conviction compelled by the examination of all relevant and material parts. It is clear from this will that, upon the death of Mr. Marshall, each daughter took a vested remainder in his estate. She had then a present interest in the estate; but her enjoyment of its possession was postponed and might be defeated, and the remainder divested, by her death before the time fixed for the termination of the trust. In that event a substitution of her descendants, or of those entitled by law, was provided for. (*Livingston* v. *Greene*, 52 N. Y. 118; *Bowditch* v. *Ayrault*, 138 ib. 222.) The duration of the trust for the daughter was fixed at twelve years, or for her life, if she failed to survive that period of time. If she survived the trust period, the testator, in emphatic language, directed that the share held for her, "shall go and belong and I hereby give such share to such daughter if living and her heirs forever." The trust was then determined and all interests in the estate theretofore held in trust were to vest absolutely in the daughter. In order to deprive this gift of an absolute estate to the daughter of its force and to cut down the estate so given, we should find the language relied upon to be unequivocal and to be as clear in that respect, as was the language of the absolute gift. Nothing less will suffice; for the policy of the law favors the vesting in possession of estates and the effort will be in that direction in doubtful cases. Furthermore, the provision, relied upon to lessen the estate given, must be within the sanction of the statute. When the testator provides that his trustees may continue to hold and manage the daughter's estate upon the trust for her, while her incompetency shall continue, and couples with the provision the declaration that the estate of the daughter shall, nevertheless, "become legally vested," it absolutely precludes the notion that the same condition should continue as to the estate; namely, that of a vested remainder; or the belief that the testator intended no change in interest. I should say that there was a careful reaffirmation of the prior gift and that the provision, which, undoubtedly, is very inartificially drawn, is in the nature of a suggestion of

a mode of management of his unfortunate daughter's estate; which might be effectuated for want of any objection to it conceivable by him. So apprehensive, however, does the testator appear to have been, lest his direction for a plan of management might affect the quality of the estate to which the daughter had become entitled, by her survival of the trust period, that he, emphatically, adds that her estate was "to become legally vested in like manner as if such trust were not continued." The significance of these words would be lost, if we read them as importing merely an intention to prevent a divesting of the remainder in the daughter, rather than that the estate should be hers, as the law would vest it upon the termination of the trust. That is the ordinary meaning. If the estate was to "become legally vested" as if the trust had ceased, it could only become the absolute estate, already given. But without the legal estate in the trustees, of course, there was lacking one of the essential elements to a continuation of a trust. (*Leggett* v. *Perkins*, 2 N. Y. 297; *Woodward* v. *James*, 115 ib. 346, *Greene* v. *Greene*, 125 ib. 506.) That it could not be saved as a power in trust is too clear to require argument. If a trust was intended by the testator, the obvious purpose was to accomplish that for which an express trust is authorized by the statute; but that would require that the whole estate, at law and in equity, should be in the trustees. The testator's direction could not be effectuated as a power in trust; because what was intended was not the authorization to perform some act in relation to the estate, but the whole management of it, as comprehended within one of the four express trusts of the statute. The gift to the trustees of the residuary estate had vested the legal estate in them, subject to the execution of the trust imposed. So far as the performance of that duty required, they had the legal and the equitable estate and only until the termination of the period of twelve years, or until the death of the beneficiary, if she failed to survive the period. To continue the trust beyond that, it was necessary that they should have the same estate. The legal estate could not be subtracted, as it appears to have been here, and the

trust continued. Their estate must be commensurate with their trust.

Had the testator intended that the trust existing prior to the termination of the twelve years' period should continue, as it had been created, for the period of the daughter's incompetency, it would have been very easy, and natural, for him to say so and, in unequivocal language, to have qualified his previous absolute gift of the estate to her. Not only has he failed to do this; but he has, in my opinion, by the language of the later provision, reaffirmed his expressed intention that the legal estate should vest in his daughter upon the termination of the trust period. There is, furthermore, this very important consideration in the case, that the Supreme Court has assumed jurisdiction of the estate of Miss Marshall by the appointment of a committee. That fact, of course, is not controlling upon the question of construction; but the committee represents all her temporal interests and, as to any election by the trustees to continue their management of the estate, he is entitled to object that the Supreme Court has intrusted that to him and to say that the solicitude of the testator for the care of the estate given to his incompetent daughter has been met in his appointment.

I think that the judgment of the Appellate Division, in so far as it modified the judgment of the Special Term, should be reversed and that the judgment entered upon the report of the referee should be affirmed, with costs in this court to all parties appearing by separate counsel, to be paid out of the estate.

BARTLETT, J. (dissenting). I am of opinion that this judgment should be affirmed. I regard the precise question raised on this appeal as disposed of by the case of *Matter of Tompkins* (154 N. Y. 634, 644, 645).

PARKER, Ch. J., MARTIN, VANN and WERNER, JJ., concur with GRAY, J., for reversal; BARTLETT, J., reads dissenting memorandum; CULLEN, J., not sitting.

Judgment reversed, etc.