(63 App. Div. 338.)

### TREAT v. VOSE et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. WILLS—TRUSTS—CONSTRUCTION.

Where testatrix devised to her son and his wife certain real estate in trust for the support of themselves and children, the children, on arriving at a certain age, being entitled to their share, such clause did not create a valid trust.

2. SAME—TITLE OF DEVISEES.

Where a testatrix, who had given a specific legacy to three grandchildren, gave and devised certain real estate to her son and his wife in trust for the support of themselves and children, the children, on arriving at a certain age, being entitled to their share, the title to such land vested in the son, his wife, and the two children living at testatrix's death; possession to be held by the parents until the children arrived at the specified age, when the children were to come into possession of their shares.

Appeal from special term, Kings county.

Action for construction of a will by Clerihew Rutan Treat against Charles W. Vose and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Milton Hopkins, for appellant.
John H. Kemble, for respondents.

WOODWARD, J. On the 11th day of September, 1882, Mary Ann Vose, of the then city of Brooklyn, made, executed, and published her last will and testament, in which she provided a legacy of $1,000 for each of her three grandchildren, naming them, to be paid upon their arriving at the age of 25 years. She also provided, and it is to this portion of the will that the present controversy is directed:

"(2) I give, devise, and bequeath unto Fanny Vose, wife of my son Charles, real estate known as 'No. 59 Cheever Place,' nevertheless strictly in trust for the support of himself and children and said Fanny, his wife; the children on arriving at twenty-five years of age entitled to their share, excepting a room for my sister Nancy, to have the use and occupancy during her natural life, and her death to cease," etc.

The plaintiff in the present action took a conveyance of all the right, title, and interest of Cornelius Bushnell Hughston in the estate of his grandmother, the testatrix, and this action is brought upon the theory that the clause of the will above quoted is null and

void, and that the property vested, upon the death of Mary Ann Vose,. in Charles W. Vose and Cornelius Bushnell Hughston, her only heirs. at law. Mrs. Vose died on September 16, 1888, and Cornelius Bush- nell Hughston, with his wife, conveyed whatever of interest, as an heir at law of the testatrix, he may have had on June 28, 1899. Upon the trial of the action the learned court at special term held that,. while the attempt to create a trust was ineffectual, "the dispositions of said will respecting said premises were valid and effectual, and that the plaintiff or his grantors have no right, title, or interest in and to said premises, or the rents and profits thereof." In a memo- randum opinion the court says:

"In my opinion the effect of the devise is the same as if made directly to the son and his wife and their children for their support, in which case the title would have vested in them in fee, each taking a one-quarter share; the corpus of the shares of the children not to come into their possession until they arrive at the age of twenty-five years."

The plaintiff appeals from the judgment entered.

It can hardly be questioned that the clause in the will now under consideration failed to create a valid trust, and it is, therefore, un- profitable to discuss that feature of the case. We are, primarily, to. give construction to the will of the testatrix. We are to gather from its language the intent of the person making such will, and it can hardly be questioned that Mrs. Vose intended to dispose of her prop- erty for the benefit of her son, his wife and children. She had provided a specific legacy for each of her three grandchildren, had made a provision for a sister who was expected to survive her, but who has since died, and made no arrangement for the disposition of any of the estate which might be left upon the death of those for whom she attempted to create a trust estate. The fact that she provided that the children of her son should have their share on reaching the age of 25 indicates clearly that she contemplated a division of the property into shares, and we think it is entirely proper, in furtherance of the evident desire of the testatrix, to hold that the title vested in Charles W. Vose, his wife, Fanny, and the two children who were living at the time of the death of the testatrix; possession to be held by the parents until the children should arrive at the age of 25 years, when the children were to come into posses- sion of their share. It was clearly not the intention of the testatrix to allow Cornelius Bushnell Hughston to have any greater share in her estate than she had already provided; and it would seem that,. under the provisions of sections 72 and 73 of the real property law, the title to the premises in dispute would vest immediately in the beneficiaries indicated by the will. It may be that after-born chil- dren might have an interest in the estate, but this is not sufficient to give the plaintiff any rights in the present action. If the testa- trix made a valid devise of her property to any one, or to any group of persons, whether yet in being or not, it would be sufficient to de- feat any claims on the part of heirs at law, and it is through such a one that the present plaintiff claims. The judgment should be. affirmed, with costs. All concur.