ARGUED AND DETERMINED IN

# THE SURROGATES' COURTS

OF THE

## STATE OF NEW YORK

WITH OTHER DECISIONS AFFECTING DECEDENTS' ESTATES.

---

HENRY N. STEINERT, Individually and as One of the Executors of and Trustees Named in the Last Will and Testament of HENRY STEINERT, Deceased, Respondent, v. EUGENIE M. STEINERT, Individually and as One of the Executors of and Trustees Named in the Last Will and Testament of HENRY STEINERT, Deceased, and Others, Respondents, Impleaded with LILLIAN E. O'BRIEN, Appellant.

(*Supreme Court, App. Div., First Dept., Feb. 20, 1914.*)

WILL—TRUST—PASSIVE TRUST.

Where a testator, after giving a portion of his estate to two of his children who were not self-supporting, devises the remainder in trust for three minor children, and authorizes his executors to sell his real estate and stocks for the purpose of maintaining and supporting said children, and there is no language in the will indicating the duration of such trust or the disposition of the property after its termination, the provision constitutes a passive trust, and the property passes directly to the children named, the executors simply having a power of sale without title.

APPEAL by the defendant, Lillian E. O'Brien, from a judgment of the Supreme Court in favor of the plaintiff and certain

of the defendants, entered in the office of the clerk of the county
of New York on the 6th day of October, 1913, upon the decision
of the court after a trial at the New York Special Term.

Gerald Hull Gray, for the appellant.

James H. Deignan, for the respondents.

Judgment affirmed, with costs, on opinion of DAVIS, J., at
Special Term.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN,
CLARKE and SCOTT, JJ.

The following is the opinion delivered at Special Term:

DAVIS, J.— Action by an executor for the construction of the
last will and testament of Henry Steinert. The testator died
February 2, 1913, leaving him surviving four sons and four
daughters, all of whom are of full age except two of the sons.
His estate consists of both personal and real property. The
will in question was dated and executed May 22, 1905. At
that time the testator's children Anna T., Walter G. and John
F. were, respectively, fourteen years, twelve years and six
years and Ambrose almost twenty-one years. The other four
children were Eugenie M., Alma C., Lillian O'Brien and Henry
N., all of full age. Of the latter the following were self-support-
ing at the time of the execution of the will, to wit, Henry N.,
Ambrose M. and Lillian O'Brien. Eugenie M. and Alma C.
were not then self-supporting. The testator disposes of all of
his property by the 1st paragraph of his will as follows: *"First.*
After my lawful debts are paid, I give, bequeath and devise to
my son Henry N. and my daughter Eugenie, all my real and
personal property, which I may be possessed of, in trust for my
children Anna, Walter and John, and I do hereby authorize my

executors to sell my real estate, and stocks, for the purpose of maintaining and supporting my said children, Anna, Walter and John; all moneys in bank should also be applied for said purpose. I bear the same affection towards all of my children, my insurance is divided between my daughters Eugenie and Alma, the children not provided [for] herein, is for the reason that they have ample methods of maintaining themselves. I devise all my household furniture to my daughter Eugenie. I hereby appoint my son Henry N. and my daughter Eugenie to be executors of this my last will and testament, hereby revoking all former wills." Considering the language of the will in the light of the circumstances of testator's children at the date of its execution it is clear that the testator intended to give his property to those who were not self-supporting. He says " the children not provided [for] herein, is for the reason that they have ample methods of maintaining themselves." And so he gives his insurance to his daughters Eugenie and Alma, two of the children not self-supporting, and his other property he leaves in trust for his minor children, Anna, Walter and John. It is contended that the trust for the minor children is void as suspending unlawfully the absolute power of alienation. I think the testator had no intention to create a trust to support and maintain the three children during their respective lives. There is no language in the will indicating the duration of such a trust or the disposition of the property after the termination of the trust. I am of the opinion that the provision is a dry or passive trust, which is prohibited in this State. It follows that the testator's property passed directly to the three children, Anna T., Walter G. and John F., and that the executors simply had a power of sale to insure a speedy and inexpensive disposition of the property as the needs of the children required it, and that no title vested in the executors. (Kelley v. Hogan, 71 App. Div. 346; Ramsay v. De Remer, 65 Hun, 212; Treat v. Vose, 63 App. Div. 338; Matter of De Rycke,

99 id. 596; Donovan v. Van De Mark, 78 N. Y. 244; Real
Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52],
§§ 92, 93.)

Judgment accordingly.