Surrogate's Court, New York County, May, 1918.    [Vol. 103.

Matter of the Estate of AUGUST FINCK, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Trusts — termination of — application for appointment of substituted trustee denied — wills — executors and administrators— Code Civ. Pro. § 2638.

Section 2638 of the Code of Civil Procedure authorizes the appointment of a substituted testamentary trustee only where the trust is unexecuted.

Where testator gave his estate to his executors in trust to invest and to apply the rents, income, etc., after payment of all taxes and other proper charges to the use of testator's wife and at her death the estate was to be paid over in equal shares to testator's children, and the issue of any deceased child living at testator's death was to take the share which the parent would have taken if living, no direction to apply the rents after the death of testator's widow can be implied, and the trust for her benefit having terminated at her death the court had no jurisdiction to appoint a substituted trustee, and a motion to vacate an order appointing one will be granted.

The power of sale given to the executors of which testator's widow was one is not imperative but discretionary, consequently there was no trust to sell property for the benefit of legatees.

APPLICATION to vacate a decree appointing a substituted trustee and for an order directing the filing of an account.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for successor trustee and others.

Blackwell Bros. (George E. Blackwell, of counsel), for Theodore Finck.

Leonidas Dennis, for United States Fidelity and Guaranty Company.

Misc.] Surrogate's Court, New York County, May, 1918.

FOWLER, S. This is an application to vacate the decree of this court appointing a substituted trustee and for an order directing the filing of an account by the said substituted trustee. By his will the testator gave his entire estate to his executors upon the following trust: " To invest and keep the same invested, and to collect the rents, income, issues and profits thereof, and after the payment of all taxes and other proper charges thereon to pay over and apply the net rents, income, issues and profits then remaining to the use of my wife, Louisa Finck, during her natural life, and upon her death to transfer, pay over and deliver the said property and estate in equal shares and share alike to my children and the issue, if any, of any deceased child living at the time of my death, such issue to take the share or portion which the parent or parents would take if living." The will also contains the following clause: " For the purpose of dividing my estate, or for any other purpose that at any time may commend itself to my executors and trustees hereinafter named, I hereby authorize them, or such of them as may be surviving or acting at the time, to sell the whole or any portion of my real estate either at public or private sale upon such terms and at such times as to them may seem proper, and to make, execute and deliver all necessary and proper deeds for the conveyance of the premises so sold."

The widow, who was the sole surviving executor and trustee, died on December 27, 1917. The respondent, Louisa Finck, was appointed by decree of this court, dated January 25, 1918, upon the consent of all interested in the estate. The petition submitted at that time set forth that the trust was unexecuted. The petitioner herein is a son of the testator and one of the remaindermen. He bases his application on the ground that the trust created by the will of the tes-

Surrogate's Court, New York County, May, 1918. [Vol. 103.

tator terminated upon the death of the widow, and consequently this court was without power to appoint the respondent.

Section 2638 of the Code of Civil Procedure governs the appointment of substituted trustees in this court. That section in effect authorizes the appointment of a substituted trustee only where the trust is unexecuted. Under the terms of the will herein I am of the opinion that the trust created by the will of the testator ceased upon the death of Mrs. Finck, and the ulterior devise to the remaindermen took effect immediately. Real Prop. Law, § 109; *Matter of Murray,* 124 App. Div. 548; *Watkins* v. *Reynolds,* 123 N. Y. 211; *Matter of Livingston,* 34 id. 559.

The respondent resists this application on the following grounds: (1) That under the will of testator there is a trust created to sell property for the benefit of legatees, and (2) that the will works an equitable conversion.

The position taken by the respondent is, in my opinion, untenable. The scheme of testator's will is simple and his language plain. A direction to apply the rents after the widow's death cannot be implied therefrom. The trust created thereunder for the benefit of the widow is explicitly set forth in its terms and duration, and, as stated above, terminated upon the death of Mrs. Finck. The language of testator's will seems to contemplate that either or both of the other executors and trustees would survive his widow, who was one of their number. The power of sale given to the executors and trustees under the will is not imperative. On the contrary, it is personal, confidential and discretionary. There is consequently no trust to sell property for the benefit of legatees.

*Forman* v. *Young,* 166 App. Div. 815, and *Morse* v. *Morse,* 85 N. Y. 53, cited by the respondent, are not in

point. In the former case the trusts created under the will of John S. Young had not been fully executed. In the latter case the court found an equitable conversion. No intention to effect an equitable conversion and a distribution of the estate as personal property can be gathered from the will of testator. A sale was not expressly directed, and from the terms of the will no such direction can be implied. The power of sale, as before stated, was discretionary and personal and was not conferred for the purpose of conversion. Courts favor the vesting of estates and discountenance the suspension of the vesting of titles by trusts.

The trust having terminated, the surrogate was without jurisdiction to appoint a trustee. This fact appears from the papers submitted, and consequently the application must be granted and the decree vacated.

Application granted.