FRANCIS FRANCIS, GUARDIAN OF FRANCIS FRANCIS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EVELYN FRANCIS FANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16724, 16725.   Promulgated April 10, 1929.

*Montgomery B. Angell, Esq.*, for the petitioners.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The deduction claimed by each petitioner for 1921 is for a loss said to be realized in the sale in that year by the trust company of securities for less than either the value on March 1, 1913, or the value when received in 1912 in the Standard Oil distribution, the latter figure being apparently taken as representing the statutory cost. *United States* v. *Flannery*, 268 U. S. 98, and *Ludington* v. *McCaughn*, 268 U. S. 106. The Commissioner denied the deduction because in his view the trust company was making the sale as a trustee taxable under section 219, Revenue Act of 1921, and the loss therefore was available for deduction only by the trustee and not directly by the petitioners, who, in his view, are the beneficiaries of such trust. If respondent's view be correct, the petitioners' whole case falls and it is conceded that judgment for the full amount should enter for respondent.

But petitioners establish that before the sale the trust had come to an end by operation of law, that the property was owned by petitioners and held by the trust company under a dry, passive or nominal trust, and its sale was by them, and that the consequent loss or gain was theirs directly.

With the death of the life tenant, these petitioners as remainder-men became at once entitled, despite the nominal power of the trustee, to sell and distribute the proceeds. New York Real Property Law, §§92, 93; Personal Property Law, §11; *Cochrane* v. *Schell*, 140 N. Y. 516; *Brown* v. *Richter*, 25 App. Div. 239; *In re O'Reilly's Estate*, 82 App. Div. 374; *Steinert* v. *Steinert*, 161 App. Div. 841; *In re Finck's Estate*, 103 Misc. 526. The sale thereafter must be regarded as a sale by them with such resulting gain or loss to each as may be recognized by the statute.

Section 202, Revenue Act of 1921, provides:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*      \*      \*      \*      \*      \*      \*

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition;

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

\*      \*      \*      \*      \*      \*      \*

Reading section 202(a)(2) in the light of the statement of purpose contained in both the House and Senate reports upon the bill before it became a law and as it has been adjudicated in *Taft* v. *Bowers*, 278 U. S. 470, we are of the opinion that it does not, either by intendment or expressly, cover the sale of property acquired as this was. The difference between a gift and a trust has been too well known in the law to permit the view that Congress intended by using the word gift to include trusts and thus to involve the statute in the confusion which would necessarily result. The later provision of section 204, Revenue Act of 1924, demonstrates this. While the petitioners in one sense acquired the property by gift in that they paid nothing for it, there is no reason to attribute this meaning to the Act. They acquired it pursuant to a vested legal right and this right

had been theirs since long before the adoption of the Sixteenth Amendment in 1913. We think, therefore, that as to petitioners the property was not " acquired by gift after December 31, 1920 " and therefore the exceptional basis of paragraph (2) does not apply.

We think also that paragraph (3) has no application. The trust instruments were not in terms testamentary, nor were property interests acquired by petitioners such as were specified in subdivision (c) or (e) of section 402.

The only basis to apply for the determination of gain or loss is the value at the time of acquisition by petitioners of the property sold, that is March 3, 1921. The petitioners' motion for judgment on the pleadings is therefore denied.

Reviewed by the Board.

TRAMMELL dissents.

---

PHILLIPS and GREEN dissent on the ground that the loss on the sale of the securities in question was properly returnable by the trustees under section 219 of the Revenue Act of 1921.