## T. ROSSLYN BEATTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

## JOHN T. BEATTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

## MILDRED VERONESE BEATTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45563–45565, 46866–46868.  Promulgated August 29, 1933.

*A. L. Van Winkle, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

BLACK: The question we have to decide in these proceedings is whether losses resulting from the sale of capital assets of a trust may be deducted from the income of the beneficiaries of the trust, who are also the remaindermen. The facts have already been fully stated and need not be repeated here.

There can be no question that the trust established by Ross J. Beatty held the legal title to the securities which were sold during each of the taxable years. In selling them, the trust did not have to consult the beneficiaries, who are the petitioners in this proceeding. It seems to us that the losses on the sale of the securities, so far as the right to take such losses as deductions in figuring income taxes is concerned, are the losses of the trust and not of the beneficiaries.

It has been stipulated that the trust was in existence during each of the taxable years and unquestionably it was a separate taxable entity. Section 219 of the Revenue Act of 1926, which is the revenue act applicable to each of the years involved in this proceeding, makes

trusts of the kind we have in this proceeding separate taxable entities. Section 219 (b) expressly provides: "Except as otherwise provided in subdivision (g) and (h), the tax shall be computed upon the net income of the estate or trust and shall be paid by the fiduciary." We pause to remark that subdivisions (g) and (h) referred to have no application to the facts of the instant case.

It has been stipulated that in each of the years involved in this proceeding the trust had income of $85,000. Undoubtedly this income would be taxable to the trust except for the fact that it was an allowable deduction to the trust by reason of the provisions of section 219 (b) (2), which reads in part: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not." The trust would also be entitled to take as a deduction from its gross income for each of the taxable years any losses resulting from the sale of capital assets. This by reason of section 214 (a) (4), (5), Revenue Act of 1926.

While the trust, which was the legal owner of these capital assets during each of the taxable years in question, could take as a deduction from its gross income losses resulting from the sale of these assets, we know of no provision of law which would permit petitioners, who are the beneficiaries of the trust, to take such losses as deductions from their gross income, even though they were also remaindermen under the terms of the trust indenture. The trust set up by the indenture was a separate taxable entity from petitioners and one taxpayer cannot deduct from his gross income another's losses.

Petitioners urge as their principal authority in support of their contention our decision in *James W. Arrott, Jr.*, 23 B.T.A. 478. An examination of that case will show that our decision was grounded upon our holding therein that James W. Arrott, Sr., decedent, did not under the laws of Pennsylvania create a legal trust in respect of the shares in his residuary estate devised to his sons, but that the executors and trustees were merely agents of such devisees. Under such circumstances we held that the sons were the legal owners and holders of their part of the real estate in their own right and were entitled to deduct in their individual returns their proportionate shares of allowances for depreciation and loss on sale of capital assets. We have no such situation as that in the instant case.

The trust involved in these proceedings was more than the mere agent of the beneficiaries. It was the holder of the legal title of the trust corpus, and the trustee was not to turn over this trust

corpus to the beneficiaries until they each reached the age of forty years.

It is true that in *James Arrott, Jr., supra,* there are some expressions in the concluding paragraph of the opinion which support the contentions now made by petitioners. These expressions, however, are *obiter dicta* and not necessary to the conclusions therein reached and seem to be in conflict with other decisions of the Board. Cf. *Cora S. Stern,* 14 B.T.A. 444; *Marion Shainwald Sevier,* 14 B.T.A. 709; *Samuel Riker, Jr.,* 15 B.T.A. 1160; *Baltzell* v. *Mitchell,* 3 Fed. (2d) 428; certiorari denied, 268 U.S. 690.

The Supreme Court of the United States recently decided an issue somewhat similar to the one which we now have before us in *Anderson* v. *Wilson,* 289 U.S. 20. In that case the Court stated the issue thus: " The question to be decided is whether the difference between the value of real estate at the death of a testator and the proceeds realized thereafter upon a sale by the trustees may be deducted as a loss by the taxpayer, the beneficial owner of the proceeds, upon his return to the collector for the income of the year." The Supreme Court answered the question in the negative and held that the beneficiaries of the trust could not take any part of the loss resulting from the sale of capital assets by the trust as deductions on their individual income tax returns. However, it is only fair to state that the Supreme Court, in reaching this conclusion, did so upon the basis that under the laws of the State of New York the fee title to the real estate in question passed to the executors and the beneficiaries owned, not a beneficial interest in the real estate, but a beneficial interest in the proceeds resulting from the sale of the real estate when it was sold.

Under such circumstances the Court held that when the real estate was sold at a loss it was the loss of the estate and not of the beneficiaries of the estate, who were interested only in the proceeds, and the beneficiaries could not take any of the losses as deductions on their returns. The Court took pains to say, however: " Whether the result would be the same if the beneficiaries had been the owner of future estates in remainder, we are not required to determine. Cf. *Francis* v. *Commissioner,* 15 B.T.A. 1332, 1340."

So it must be admitted that the Supreme Court did not decide the precise question now under review. However the Court did go on and say, after announcing its above stated ruling: " In so ruling we do not forget that the trust is an abstraction, and that the economic pinch is felt by men of flesh and blood. Even so, the law has seen fit to deal with this abstraction for income tax purposes as a *separate existence, making its own return under the hand of the fiduciary and claiming and receiving its own appropriate deductions.*" (Italics supplied.)

We conclude, as we have stated elsewhere, by saying that we know of no statute which would grant to the beneficiaries of a trust the right to take proportionate losses which have resulted from the sale of capital assets, the legal title to which at the time of sale was vested in a trust, itself a separate taxable entity. Under the authorities above cited,

*Decision will be entered for the respondent.*