### (May 26, 1944.)

In the Matter of the Will of ELIAS BERLINER, Deceased. SHIRLEY BERLINER et al., Appellants; ANNA BAFF et al., Individually and as Executors and Trustees under the Will, Respondents.— On the court's own motion, the decision of this court handed down May 22, 1944 [ante, p. 999], is amended to read as follows: In a proceeding for the construction of a will and for the approval of a compromise agreement, the decree of the Kings County Surrogate's Court is reversed on the law, without costs, and the matter is remitted to the Surrogate's Court for the entry of a decree directing the payment to appellants of their shares under the last will and testament of decedent. There is no controversy among the parties within the meaning of section 19 of the Decedent Estate Law. The provision for the benefit of the granddaughters in paragraph "Fifth" of the will created a vested estate in them and each is entitled to her share of the estate absolutely. (*Kernochan* v. *Marshall*, 165 N. Y. 472; *Radley et al.* v. *Kuhn et al.*, 97 N. Y. 26; *Shannon* v. *Pentz*, 1 App. Div. 331.) The provision directing that the shares of the said granddaughters be held in trust does not create a valid trust. It is purely passive and the executors took nothing thereunder. (Real Property Law, § 93; *Jacoby* v. *Jacoby*, 188 N. Y. 124; *Woodgate et al.* v. *Fleet et al.*, 64

N. Y. 566; *Matter of Rogers,* 251 App. Div. 478; *Steinert v. Steinert,* 161 App. Div. 841; *Matter of De Rycke,* 99 App. Div. 596.) Close, P. J., Hagarty, Johnston and Aldrich, JJ., concur; Carswell, J., not voting.