**BISBEE v. FAHS, Collector of Internal Revenue.**

Civil Action 1378–J.

United States District Court
S. D. Florida, Jacksonville Division.

Sept. 15, 1948.

Lucien H. Boggs and Delbridge L. Gibbs both of Jacksonville, Fla., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Edith House, Asst. U. S. Atty., of Jacksonville, Fla., for defendant.

STRUM, Chief Judge.

Plaintiff, Frank D. Bisbee, sues to recover a deficiency assessment of $387.86, levied against him as additional income tax for 1940, in the following circumstances:

Under the will of the late William A. Bisbee, who died in 1911, all his property was left in trust for the benefit of his widow and two children, one-third of the net income to be paid to each during the lifetime of the widow, the corpus to be divided between the children, or their heirs, after the widow's death. The widow was still living during 1940, the year here involved. Since about 1927, the testator's son, Frank D. Bisbee, plaintiff here, has been the sole trustee under the will.

In submitting the trust estate income tax return for 1940, the trustee first deducted from the gross trust income of $16,836.82, a net capital loss of $5,104.25,[1] leaving a balance of $11,732.57, from which he next deducted trust operating expense, $3,777.06, thus leaving distributable income of $7,-955.21, which was allocated to the beneficiaries, who paid individual income tax thereon.

Upon auditing the trust return, the Internal Revenue Commissioner disapproved the above method of computation, and re-stored the capital loss item of $5,104.25 to "distributable income," thus increasing the latter to $13,059.46, instead of $7,955.21, as returned by the trustee. The Commissioner thereupon constructively distributed this income of $13,059.46 amongst the three trust beneficiaries, allocating $4,353.16 to the widow, and $4,353.15 to each of the testator's children. This increased the individual income for 1940 for Frank D. Bisbee, the son, so that he would owe an additional income tax for that year of $356.83, for which a deficiency assessment was entered, with interest in amount of $31.03, aggregating $387.86. Plaintiff paid said assessment under protest and here sues to recover it.

█ The Commissioner asserts that to deduct the net capital loss from gross trust income, before determining distributable income in effect enables the individual beneficiaries to deduct the trust capital loss from their individual income, which the Commissioner asserts cannot be done. The Court agrees that beneficiaries of a trust can not deduct as an individual loss a capital loss suffered by the trust, even though they are also remaindermen.[2] But that is not what was done here.

In this case, the trustee computed distributable income by deducting trust net capital loss and trust operating expense from trust gross income. The beneficiaries then took up on their individual returns their proportionate shares of the net distributable income so computed. The determinative question here is whether or not this method of computing distributable income squares with the law, that is, whether or not net capital loss is deductible *before* distributable income is ascertained, as was done by the trustee.

The Commissioner disagrees with the method of computation used by the trustee. The Commissioner's contention is that the proper way to determine distributable income is to take the gross income of the estate ($16,836.82) and deduct therefrom the operating expenses of the trust aggregating

---

[1] Made up of a short term capital gain of $1,067.46, and a long term capital loss of $6,171.71—net loss $5,104.25, deductible in full under Sec. 117(d) of the Revenue Act of 1938, 26 U.S.C.A. § 117(d), in effect during 1940.

[2] Beatty v. Com'r, 28 B. T. A. 1286; Com'r v. Pearson, 3 Cir., 154 F.2d 256; Com'r v. Wade, 2 Cir., 155 F.2d 918; Rathborne v. Comm., 37 B. T. A. 607, affirmed by 5 Cir., 103 F.2d 301.

$3,777.36, thus leaving a balance of $13,059.46, which the Commissioner says is available for distribution to the beneficiaries and is therefore "distributable income" which should be allocated to the beneficiaries in that aggregate sum, and individual income taxes paid by the beneficiaries thereon. No deduction for the capital loss is yet taken into account. Then, says the Commissioner, since "distributable income" is itself a deductible item under 26 U.S.C.A. § 162(b), and as the entire net income of the trust is to be distributed to these beneficiaries under this will, he deducts this $13,059.46 from the trust income, thus leaving the trust estate with zero taxable income and zero tax liability.

Then, for the first time, the Commissioner takes notice of the further allowable deduction for capital losses. After making the above computation and exhausting the trust income in the manner stated, he says the estate is entitled at that point to a further deduction of $5,104.25 for net capital losses. But since the entire trust income has already been exhausted by distribution thereof to the beneficiaries as directed by this will, there is no remaining trust income from which to deduct this capital loss, so the deduction fails for lack of income against which to apply it. The Collector points out, however, that if, for example, the will directed that only 50% of the net trust income be distributed to the beneficiaries, the remaining 50% to be retained by the trustee, this capital loss could be deducted from the income so retained by the trustee.

The Court disapproves this method of calculating distributable income. 26 U.S. C.A. § 162 provides that "the net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual," with certain exceptions not material here. 26 U.S.C.A. § 23(e) provides that an individual may deduct "from gross income" losses incurred in trade or business, or incurred in any transaction entered into for profit, though not connected with the trade or business. This covers capital losses, and is the section under which an individual .would deduct a capital loss from his gross income. Under 26 U.S.C.A. § 162, a trust estate may do the same. This deduction for net capital loss is deductible from gross income just as any other deductible item, such as operating expense of the trust, before arriving at distributable income. This is expressly recognized in the Beatty case, 28 B.T.A. 1286, here relied upon by the Commissioner, where it is said:

"The trust would also be entitled to take as a deduction, 'from its gross income' for each of the taxable years, any losses resulting from the sale of capital assets. This by reason of sec. 214(a), (4), (5), Rev. Act of 1926. (This section is now 26 U.S. C.A. § 23(e)). While the trust which is the legal owner of these capital assets during the taxable years in question, could take as a deduction 'from its gross income,' losses resulting from the sale of these assets, we know of no provision of law which would permit petitioners, who are the beneficiaries of the trust, to take such losses as deductions from their individual gross income."

This method of computation is also expressly approved in Alexander v. Com'r, 36 B.T.A. 929, where in computing distributable income of a Florida trust, the trustee deducted losses from the sale of capital assets from gross income before determining distributable income. Of this the Board of Tax Appeals approved.

This Court agrees with these holdings, and based thereon finds in this case that from the estate's gross income of $16,836.82 there may be first deducted the net capital loss of $5,104.25, thus leaving an income balance of $11,732.57. At that point, there should be next deducted the trust operating costs, aggregating $3,777.36, thus leaving a net distributable income to the estate of $7,955.21, as contended for, and returned by, the trustee of the trust and as contended for by the taxpayer here. In this way, the estate receives the benefit of the deductions for net capital losses just as any other deductible item, as the law contemplates. 26 U.S.C.A. §§ 23(e), 162 Since the statute expressly authorizes this deduction "from gross income", the estate is entitled to it when it would be effective, not merely illusory. The statute nowhere directs or requires that distributable income

be first deducted before considering capital losses. It does provide, however, that capital losses may be deducted from *gross* income.

By the Commissioner's method of computation, this lawful deduction is defeated because all taxable income is first allocated to the beneficiaries as distributable income, before capital loss is ever taken into consideration. The Court believes this is contrary to the statute, and therefore can not approve that method. Clearly, 26 U.S.C.A. §§ 23(e) and 162, contemplate that the trustee in computing *net income* is authorized to make whatever appropriate deductions individual taxpayers are allowed by law. The net income ascertained by this computation, and that only, is the taxable income. It is only that amount, after deducting the net capital loss, that is allocable to the beneficiaries as taxable income on their individual returns. It is that amount only that would be taxable to the trust estate if the trust income were to be retained by the trustee and not distributed, thus leaving the estate taxable therefor. There is no attempt here, such as is universally disapproved, to carry over to the individual return of a beneficiary a capital loss suffered by the trust, which was the reason assigned by the Commissioner for restoring the capital loss item of $5,104.25 to trust distributable income.

The facts here are quite different from those in Beatty v. Com'r, 28 B.T.A. 1286, relied on by the Commissioner, where a trust beneficiary took up as income on his individual return his proportionate part of the gross trust income ($28,333.34) and then charged off as an individual loss his proportionate part of a capital loss suffered by the trust ($17,049.23). As the trust and the beneficiary are wholly distinct taxpayers, and as the loss was a trust loss, not an individual one, the Board of Tax Appeals properly disapproved of this method of determining the beneficiary's tax liability.

■ This situation is not altered by Sec. 690.04, F.S.A., a part of Florida's Uniform Principal and Income Law cited by the defendant, which provides that losses resulting from change in form of principal shall fall upon principal. Even if this section is applicable here, sec. 690.03, a part of the same law, provides that the person establishing the principal may himself direct the manner of ascertaining income, and that such direction shall control. From a reading of Mr. Bisbee's will it is abundantly clear that he wished his principal to remain unimpaired, and that if there were capital losses resulting from trading in trust assets, such losses should be deducted from income, only the net avails from operation of the trust being distributed to the beneficiaries.

■■ But for the facts hereafter stated, the Court would hold that the plaintiff would be entitled to recover back the entire deficiency assessment. This recovery, however, must be reduced for the following reasons:

When the capital loss was suffered by the trust in 1940, the plaintiff and his sister wished to assume the whole loss out of their share of the estate income, thus avoiding a reduction in their mother's income for that year from the trust estate. In order to accomplish this, the trust income was divided as follows:

| Harriett B. Bisbee | (widow and mother) | $4,708.97 |
| Virginia Bisbee Boggs | (daughter ) | $1,623.12 |
| Frank D. Bisbee | (son, plaintiff here) | $1,623.12 |
| | | $7,955.21. |

Although this was commendable on the part of the plaintiff and his sister as a family matter, it is unauthorized for income tax purposes. The beneficiaries are taxable on what they are entitled to receive under the will, regardless of any division they may voluntarily make inter se.[3]

The Court therefore holds that the trustee was entitled to deduct from trust gross income, not only operating expenses of the

---

3 26 U.S.C.A. § 162(b); Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 364; Commissioner of Internal Revenue v. Lewis, 3 Cir., 141 F.2d 221; Plimpton v. C. I. R., 1 Cir., 135 F.2d 482; C. I. R. v. First Trust & Deposit Co., 2 Cir., 118 F.2d 449; Freuler v. Helvering, 219 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634.

trust aggregating $3,777.36, but also the net capital loss of $5,104.25, as was done on the original return, thus leaving distributable income in the sum of $7,955.21. This distributable income, however, must be equally divided amongst the three beneficiaries of the estate, as directed by the will. The tax liability of the plaintiff should be computed on that basis. He will then be entitled to recover the difference between his liability so computed, and the total sum heretofore paid by him for 1940 (the original payment, plus deficiency assessment).

Judgment accordingly.

