# ADAM C. PORTER

## *v.*

# BENJAMIN F. CURRY.

1.  PARTNERSHIP LIABILITY—*ratification by the firm of act of one co-partner.*
If the purchase of property by one co-partner was not within the scope and
usage of the partnership, yet, if the property was in fact purchased on the firm
credit, and the other partner afterwards claimed and obtained possession of it as
firm property on that ground, the latter thereby ratified the act of his co-partner.
He cannot claim the benefit of the purchase and deny its obligations.

APPEAL from the Circuit Court of Adams county; the Hon.
JOSEPH SIBLEY, Judge, presiding.

This was an action of assumpsit, brought in the court below
by Porter against Curry and Majors, as partners, for the bal-
ance of the price of a mare, claimed to have been sold by the
plaintiff to the defendants.    Curry alone was served with pro-
cess, and he pleaded *non assumpsit.*    A trial resulted in a
verdict and judgment for the defendant.    The plaintiff there-
upon appealed.

Messrs. SKINNER & MARSH, for the appellant.

Messrs. WARREN & WHEAT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Curry and Majors were partners in the manufacture of
wagons, and in August, 1867, sold a wagon to Porter, the
appellant, for $110, for which he gave his note.    Soon after-
wards, Porter, by an arrangement with Majors, sold the latter a
mare for $200, and received therefor his own note, and one
executed by Majors for $90.    Porter swears, however, that
Majors claimed to be purchasing the horse for the use of the

firm, and on the credit of the firm, and that he himself supposed he was taking the firm note, instead of the individual note of Majors, and, not being able to read, did not discover his error until Majors absconded and he showed his note to a neighbor.　Majors absconded to Missouri a few days after the purchase, taking with him the mare.　Curry pursued Majors, obtained possession of the mare and sold her.　Porter brought this suit against the firm to recover the $90, and it is resisted on the ground that the mare was not required in the business, and therefore Majors had no power to buy her on the firm credit.

It is clear, however, even if the purchase of a horse was not within the scope and usage of such a partnership as existed between Curry and Majors, yet if the mare was in fact purchased on the firm credit, and if Curry afterwards claimed her from Majors as firm property, and obtained possession of her on that ground, he thereby ratified the act of Majors in buying her on the partnership credit.　He cannot be permitted, at the same moment, to claim the benefit of the purchase and deny its obligations.　This view of the law was embodied in the sixth and seventh instructions asked by plaintiff, and they should have been given.　For the same reason the first instruction given for the defendant should have been refused.　It puts the case to the jury wholly on the question of an original power by Majors to buy on the firm credit, and makes the case turn entirely upon that, leaving the question of ratification altogether out of view.

The judgment is reversed and the cause remanded.

*Judgment reversed.*