| 55 | 215, |
| 55 | 222 |

GEORGE M. MURPHY, APPELLANT, V. N. H. WARREN & COMPANY ET AL., APPELLEES.

FILED MAY 19, 1898.   No. 8101.

1. **Contract: CONSTRUCTION: ELEVATORS.** The contract between the parties, set out in the opinion, construed, and *held* that certain elevators therein mentioned were not capital invested in the enterprise in which the parties were engaged.

2. **Partnership: LIEN OF PARTNER.** Where two men are partners and

one is indebted to the other on copartnership transactions, the creditor has no lien, because of such partnership relation, upon his debtor's individual property.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J.    *Affirmed.*

*F. I. Foss, E. E. McGintie*, and *W. R. Matson*, for appellant.

*F. C. Power* and *S. H. Sedgwick, contra.*

RAGAN, C.

July 1, 1891, N. H. Warren & Co., an Illinois copartnership, owned three grain elevators in this state—one located at Crete, one at Dorchester, and one at Friend. N. H. Warren & Co., as party of the first part, and George M. Murphy, as party of the second part, entered into an agreement in writing as follows:

"Witnesseth, that for and in consideration of the agreements hereinafter set forth the party of the first part agrees to furnish the free use of their steam-power elevator at Dorchester and their horse-power elevator at Crete, in the state of Nebraska, fully equipped and ready for use, to the party of the second part. The said party of the second part agrees, in consideration of the free use of said elevators, to furnish his entire time, also capital to the amount of fifteen thousand dollars, to carry on and properly handle the grain business at said Dorchester and Crete, anything over that amount to be furnished by the party of the first part at seven per cent per annum. The grain bought shall be shipped to said party of the first part, unless it can be sold to better advantage elsewhere; the said party of the first part to charge and retain their regular commissions as fixed by the Chicago board of trade. The said party of the second part agrees to keep a correct and true record and account of weights, prices, and amounts paid for grain and of the amounts received for sale of said grain.

"On the 1st day of August in each year the net profits arising from said purchase and sale of grain shall be declared, and the amount so found be equally divided between the party of the first part and the party of the second part.

"The taxes on the elevators shall be paid by the first party, but the taxes and insurance on grain shall be a part of the running expenses of the business."

By a subsequent written agreement of July 25, 1892, the foregoing contract was made to include an elevator belonging to Warren & Co. located at Friend, Nebraska, and it was to be operated in all respects the same as the elevators at Dorchester and Crete, except that Murphy was to furnish the entire capital for running the grain business at Friend. In the district court of Saline county Murphy brought this suit in equity against Warren & Co. and the Illinois Trust & Savings Bank, an Illinois corporation. He set out in his petition the contract between himself and Warren & Co. and claimed that he and Warren & Co. were copartners; that the elevators referred to in said contract between him and Warren & Co. were contributed by the latter as their share of the capital of the firm of Murphy, Warren & Co.; that the copartnership debts had all been paid, but that there had never been a settlement of accounts between the individual members of the firm of Murphy, Warren & Co., and that upon a settlement of the accounts of that copartnership Warren & Co. would be found largely indebted to him, Murphy. Included in what Murphy claimed was owing to him by Warren & Co., or the copartnership of Murphy, Warren & Co., were three items of moneys expended by Murphy in repairing the three elevators. Murphy prayed that the court would decree that he and Warren & Co. were copartners; that the three elevators were copartnership property; that whatever might be found due him from the copartnership or from Warren & Co., including the moneys expended by him in repairing the elevators, might be decreed a lien upon the ele-

vators. The only service had upon Warren & Co. was a constructive one by publication, and they did not appear in the case. The Illinois Trust & Savings Bank appeared in the action and defended the same, claiming to be the owner of the elevators by purchase from Warren & Co. The district court found that during the existence of the agreement between Murphy and Warren & Co. the elevators were the private property of the latter and were not contributed by them as capital to the enterprise embarked in between them and Murphy; that the Illinois Trust & Savings Bank was the owner of the elevators; that Murphy had no lien upon either of said elevators, and upon these findings the court dismissed Murphy's action and he appeals.

1. The district court was correct in its construction of the contract between Murphy and Warren & Co., that the elevators remained the property of Warren & Co.; that they did not contribute those elevators as capital to the enterprise in which they embarked with Murphy. What Warren & Co. did do in that respect was to contribute the use of these elevators to that enterprise. This was the construction placed by this court upon just such a contract as this in *Warren v. Raben*, 33 Neb. 380.

2. The appellant complains because the district court did not find that a copartnership existed between Murphy and Warren & Co. But there was no personal service upon Warren & Co., and the district court did not have such jurisdiction of them as authorized it to render against them a personal judgment; and that being the case, and the court having no jurisdiction of any property belonging to the copartnership, if one existed, to find that Murphy and Warren & Co. were copartners, and that one was indebted to the other, would have been an entirely useless proceeding.

3. A third argument is that the Illinois Trust & Savings Bank could not interpose to this action the defense that Murphy and Warren & Co. were not copartners, nor that the elevators were not copartnership property. In

support of this contention counsel for the appellant cite us to *Coleman v. Pearce*, 25 Minn. 123.   We have not been able to find this case.*   It is not in 25 Minn.   Another case cited is *Porter v. Currey*, 50 Ill. 319.   Without reviewing the latter case, it must suffice to say that it does not sustain counsel's contention.   We are not able to understand upon what theory the Illinois Trust & Savings Bank could be debarred from asserting that these elevators were, at the time they acquired title thereto, the property of their vendors, Warren & Co.   Murphy claimed that he was in copartnership with Warren & Co. and that the latter contributed these elevators to the capital of that copartnership; that the elevators were copartnership property of Murphy, Warren & Co., and, therefore, the conveyance by Warren & Co. did not pass the title of the elevators to the savings bank.   The burden was on Murphy to establish these facts, and he failed to do so.   But we think it was perfectly competent for the savings bank to show, as it did, that whatever may have been the relation which existed between Murphy and Warren & Co., the latter owned the title to these elevators at the time it conveyed that title to the savings bank, and that they did not contribute those elevators as capital to the enterprise in which they embarked with Murphy.   The record before us would not sustain any other conclusion than the one reached by the district court, that these elevators, from 1891 until the time they were conveyed to the savings bank, were the individual property of Warren & Co., even if the latter and Murphy were copartners.

4. Appellant complains because the district court did not award him a lien upon these elevators for the moneys which he alleges he expended in repairing them.   He may have a cause of action against Warren & Co. for money expended for their use in repairing their elevators, but the mere existence of such cause of action does not invest him with a lien, or the right to one, upon their

*Coleman v. Pearce*, 26 Minn. 123.

property. If, in pursuance of a contract, express or implied, he has furnished labor or material for the reparation of Warren & Co.'s elevators, then, upon compliance with the mechanics' lien statutes of the state, he might acquire a lien against the interest which Warren & Co. had in the elevators at the time he began the furnishing of such labor or material under his contract. But if Murphy and Warren & Co. were copartners, if the latter or the copartnership is indebted to Murphy on account of the copartnership, that of itself would not invest him with a lien upon the individual property of Warren & Co., although the use of such property was part of the capital of the copartnership. The district court is right and its decree is

AFFIRMED.