GEORGE M. MURPHY, APPELLANT, V. N. H. WARREN & COMPANY ET AL., APPELLEES.

FILED MAY 19, 1898. No. 8102.

1. **Bill of Exceptions:** SEPARATE RECORDS: STIPULATION. Solely by stipulation, a bill of exceptions in one case cannot be made a part of the record of another case, even though the two cases be between the same parties.

2. ————: ————: REVIEW. A bill of exceptions, to be considered in reviewing the judgment of a district court, must be a part of the record of the case brought here, and to make it such it must be settled as the bill of exceptions in the case under review in pursuance of the provisions of section 311, Code of Civil Procedure.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J. *Affirmed.*

*F. I. Foss, E. E. McGintie,* and *W. R. Matson,* for appellant.

*F. C. Power* and *S. H. Sedgwick, contra.*

RAGAN, C.

George M. Murphy brought in the district court of Saline county a suit against N. H. Warren & Co. and the Illinois Trust & Savings Bank, an Illinois corporation. Murphy claimed in his petition that about May 1, 1891, Warren & Co. were the owners of a grain elevator situate in the city of Crete; that in pursuance of an oral contract with them of that date he furnished certain labor and material for the repair of that elevator, and for which there was due him from Warren & Co. a certain sum of money.   He prayed for a decree awarding him a mechanic's lien upon the elevator for the sum found due him, and in case of the non-payment of such sum that the elevator might be sold to make and raise the same.   The Illinois Trust & Savings Bank was made a party to the action, as it claimed to be the owner of the property by purchase from Warren & Co.   At the same time Murphy brought two other suits against the same parties to have established and foreclosed mechanics' liens for labor and material which he alleged he had furnished to repair elevators belonging to Warren & Co.—one located at Dorchester and one at Friend, Nebraska.   By stipulation between counsel—and we presume in pursuance of an order of the court—these three cases were consolidated and tried as one, and resulted in a decree dismissing Murphy's action, from which he has appealed.

The correctness of the decree of the district court depends upon the evidence in the case, and there is in the record no bill of exceptions.   At the time the three consolidated cases were tried there was pending in the district court of Saline county a suit of Murphy against Warren & Co. for a copartnership accounting, known as "Number 85."   In pursuance of a stipulation entered into by counsel for the respective parties the court tried and determined the mechanics' lien cases upon the evidence introduced in the copartnership accounting case.   A bill of exceptions was settled in that case, and from the decree

rendered therein an appeal was taken to this court, which affirmed the judgment of the district court. (See *Murphy v. Warren*, 55 Neb. 215.) In the case at bar counsel have stipulated that the bill of exceptions settled in the co-partnership accounting case may be considered as a part of the record in the case at bar. The district court did not make an order that the bill of exceptions settled in the copartnership accounting case should be, and be considered, a part of the record in the case at bar, nor settle such bill of exceptions as the bill of exceptions in this case. Solely by stipulation of parties, or their counsel, a bill of exceptions settled in one case cannot be made the bill of exceptions in, and, therefore, a part of the record of, another case, even though the two cases be between the same parties. A bill of exceptions, to be considered in reviewing here a judgment of the district court, must be a part of the record of the case under review, and to make it such it must be settled as a bill of exceptions in that case in accordance with the provisions of section 311 of the Code of Civil Procedure. (*State Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 47 Neb. 1.) As was said in the *Buckstaff Case*, we do not mean to decide, where two cases between the same, or even different parties, are tried upon the same evidence, and a bill of exceptions is settled and made a part of the record in the one case, that it is essential that the bill of exceptions should be duplicated for the other case; but what we do decide is that if it is sought to use a bill of exceptions, already a part of the record of the first case, as the bill of exceptions in the second case, then such bill of exceptions must be settled and allowed as the bill of exceptions in the second case and made a part of the record of that case, and that this cannot be done simply by stipulation of counsel or their clients.

The findings of the district court in the case at bar were general in favor of the defendants below. The pleadings sustain the decree and it is

AFFIRMED.