CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1919.

BEE PUBLISHING COMPANY V. STATE OF NEBRASKA.
VICTOR ROSEWATER V. STATE OF NEBRASKA.

FILED DECEMBER 15, 1919. Nos. 21314, 21315.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Ruling on Stipulation. *Stipulation allowed in part.*

*Rosewater, Cotner & Peasinger* and *W. J. Connell*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *A. V. Shotwell, contra.*

PER CURIAM.

A stipulation of the parties has been filed in *Bee Publishing Co. v. State* (No. 21314), and also in *Rosewater v. State* (No. 21315), that the bill of exceptions settled in one of these cases may be filed and used by this court in the determination of both cases, and we are asked to make an order to that effect.

The bill of exceptions must be settled in the district court under section 7880, Rev. St. 1913, and "must be signed by the judge with his certificate to the effect that the same is allowed." The parties cannot stipulate as to the rulings of the trial court and then predicate error thereon. Those rulings can only be shown by the record, and, if they relate to the evidence, the evidence and the ruling complained of must be presented to the trial court

(1)

and certified to by him, or by the clerk in certain cases where the judge cannot act. This has been frequently decided by this court. *Murphy v. Warren & Co.*, 55 Neb. 220. In that case the law is stated in the syllabus: "Solely by stipulation, a bill of exceptions in one case cannot be made a part of the record of another case, even though the two cases be between the same parties." The certified record of the trial in each case must be filed in this court. That is jurisdictional.

It follows that a bill of exceptions allowed by the trial judge in one case cannot be received as the bill of exceptions in another case, unless it is also duly certified by the trial judge as such.

The stipulation that the two cases "be consolidated for hearing in the supreme court, and that said causes be heard in said court as one case" and that "briefs filed by counsel on behalf of either party shall be made applicable to and include both cases, and separate briefs need not be filed in each case," is sustained, and the two cases may be presented accordingly.

STIPULATION ALLOWED IN PART.