918

No. 260.

Circuit Court of Appeals, Second Circuit.
June 19, 1946.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

Harold C. Wilkenfeld, of Washington, D. C., Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to Atty. Gen., for petitioner.

Charles Angulo and Carter T. Louthan, both of New York City (Mitchell, Capron, Marsh, Angulo & Cooney, of New York City, of counsel), for respondent.

PER CURIAM.

The question raised by this appeal is whether the Tax Court was right in expunging a deficiency in income tax assessed against the taxpayer for the year 1940. The taxpayer was the wife and life beneficiary of a trust, executed by her husband on September 14, 1935, which provided that after his death the trustee should determine the value of the trust estate by deducting any indebtedness, and "the total amount of all succession, estate and inheritance taxes, paid or payable under the provision hereinafter made." Having so appraised the estate, the trustee was to divide it into two equal shares, and to pay over "the entire net income" on both shares to his wife. Among the powers granted the trustee was the following: "To determine whether money or property coming into its possession shall be treated as principal or income, and to charge or apportion gains, expenses and losses to principal or income, according as it may deem just and equitable." The donor died on December 3, 1936; the executor paid the estate tax as he calculated it, on August 5, 1938; on December 10, 1940, the executor paid an additional estate tax of $167,609.79, which had been assessed against him, together with interest due upon the deficiency of $26,604.08. The trustee charged the accrued interest against the income of the life beneficiary, the taxpayer at bar; but the principal of the deficiency against the principal of the trust. In making up her income tax return, the taxpayer credited herself with the interest which the trustee had charged against her income; and the Tax Court held that this was a proper credit under § 162(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(b). The Commissioner then appealed.

We agree that Commissioner v. Pearson, 3 Cir., 154 F.2d 256, and Penrose v. United States, D.C., 18 F. Supp. 413, both turned upon Pennsylvania law; moreover, we cannot find any peculiar Ohio law to guide us, for it does not help to a solution that the courts of that state have held that inheritance taxes are payable from the corpus. As a matter of equity, however, interest falling due upon an estate tax during a delay in the payment of a deficiency ought to be borne by the life beneficiary, at least so far as he has during the delay actually received income, which he would not have received had the correct tax been ascertained and paid at once. Conceivably, that ought to be a limit of the charge against him; and, if the funds sold to pay the deficiency, have brought in less than the interest, he should not bear the difference. That, as we understand it, is an

alternative argument of the Commissioner, following In re Harjes' Estate, 170 Misc. 431, 10 N.Y.S.2d 627.

We leave the point undecided, as we may do, because the allocation of all "expenses" was expressly left to the trustee's discretion, except as that discretion was controlled by the clause concerning taxes: "Any * * * estate * * * taxes * * * shall be paid * * * out of the principal." Literally, "estate taxes" might include interest upon a deficiency; but, as we have said, an unsparing application of that interpretation results in injustice to the remaindermen, so far as the life beneficiary may have profited by the delay. Certainly, in view of the extreme latitude of discretion given to the trustee, it would unduly wrench the meaning to deny it power to prevent that inequity. But once we concede that "estate taxes" do not inexorably include all interest upon deficiencies, this implied exception answers the Commissioner's argument; for, if the trustee had any discretion, it was a complete discretion. We must not rewrite the will.

We have not found it necessary to decide how far we are bound by the decision of the Tax Court under the doctrine of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, since we are independently in accord with the ruling of that court.

Order affirmed.