Joseph A. Cox, S.
In these proceedings the executors seek the judicial settlement of their final account and the trustees seek the judicial settlement of their intermediate account. Two of the executors are the trustees.
One of the assets includible in the gross estate for the purpose of computing Federal and New York estate taxes consists of real property which was specifically devised by the will to the trustees and never came into the possession or control of the executors. The executors have paid the estate taxes and have apportioned the amount of the tax among the persons interested in the gross taxable estate. The amount chargeable against the trust has been determined to be something in excess of $17,000 and it is acknowledged that this sum is payable from the trust assets. Funds in the hands of the executors were used to pay the taxes and it is the position of the executors that, in so doing, they were advancing from estate funds the portion of taxes attributable to the inclusion of the real property in the taxable estate. The executors state that, because of this advance of estate funds, the residuary beneficiaries were deprived of interest which would have been earned on such tax payment and, in the meantime, the trust estate had the benefit of the income being earned upon the amount which the trust estate was obligated to contribute to the payment of taxes. This statement obviously is true and the question is whether the residuary beneficiaries are entitled to reimbursement from the trustees, not only of the trust’s share of the tax payment, but of an amount representing the residuary beneficiaries’ loss of interest on this share.
Parties interested in the trust contend that the trust’s obligation to reimburse the executors arose only when an allocation of taxes, pursuant to section 124 of the Decedent Estate Law, was made by a court order and that no charge for interest could accrue prior to that time.
In this case, inasmuch as the trustees also were executors, they knew that the trust estate was chargeable with a share of the amount paid for taxes and they also were in a position to compute the extent of that charge. By reason of the dual capacity in which the trustees were acting, no demand for payment of the apportioned tax would be required and there would appear to be no equitable reason why the residuary legatees should, in effect, advance money in payment of the obligation of the trust estate and not be reimbursed for the loss of income resulting to the residuary legatees during the period such advance remained *971 unpaid. Accordingly, it is held that interest is payable and, under the circumstances of this case, is to be computed from the dates upon which tax payments were made. The parties have agreed upon the rate of interest to be paid in the event the court should determine that interest is payable and, in view of this stipulation, no problem is presented in this regard.
The court holds that the interest payable by the trustees is to be charged wholly against trust income since the income beneficiaries are the persons who reaped benefits by reason of the retention of the fund in the trust estate.
The provisions of section 124 of the Decedent Estate Law referring to interest payments have no application to the problem here presented inasmuch as the statute refers solely to interest payable to the taxing authorities and the subsequent apportionment of such interest among persons benefited by the decedent. There is no statutory provision governing the allowance of interest upon moneys advanced by one benefited party on behalf of another benefited party, which is the instant situation.
An application is made, pursuant to section 231-a of the Surrogate’s Court Act, to fix the fees of attorneys chargeable against the trust estate. The requested fee of $3,500 as a charge against the trust principal is allowed. The affidavit in support of an annual fee payable from trust income recites various services of an administrative nature within the normal duties of trustees for which trustees are compensated by statutory commissions. Certain other services referred to in the affidavit cannot be regarded apportionable against the trust income inasmuch as they were rendered in the protection of the trust corpus. The court fixes the charge for legal services properly apportionable against income during this five-year period at $150 annually. The additional amount requested is disallowed (Matter of Mette, 298 N. Y. 789, affig. 273 App. Div. 740).
The court rules that the interest on the mortgage shall be paid from the trust income account (Matter of Albertson, 113 N. Y. 434; Matter of Cochran, 176 Misc. 809). Some of the objections to the accounts have been disposed of by decisions rendered on motions which were made in these proceedings. The petitioners’ prayers for relief in other respects, which are unopposed, are granted.