FIRST NATIONAL BANK & TRUST CO., A CORPORATION, AS ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF IDA OELTJEN, DECEASED, APPELLEE, V. ELMER OELTJEN ET AL., APPELLEES, IMPLEADED WITH ELSIE OELTJEN OLSON, APPELLANT.

121 N. W. 2d 816

Filed May 24, 1963. No. 35442.

Kerrigan, Line & Martin, for appellant.

Wagner & Johnson, for appellee First Nat. Bank & Trust Co.

Edward Asche, for appellee Elmer Oeltjen.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action to construe the will of Ida Oeltjen, deceased, brought by the First National Bank & Trust Company of Columbus, Nebraska, as administrator with the will annexed of the estate of the deceased. The defendants are Elmer Oeltjen, Elsie Oeltjen Olson, and Edna Oeltjen Luedtke, the children of the deceased and the beneficiaries named in her will.

The controversy in this court is between Elmer Oeltjen and Elsie Oeltjen Olson and involves a bequest of the interest of the deceased in livestock, farm equipment, and grain. For convenience the appellant, Elsie Oeltjen Olson, will be referred to as Elsie; the appellee, Elmer Oeltjen, as Elmer; and the decedent, Ida Oeltjen, as Ida. The district court found that the will of the deceased bequeathed her interest in the property to Elmer. Elsie's motion for new trial was overruled and she has appealed.

Paragraphs I and IV of the will are as follows: "I. I hereby give, bequeath and devise unto my son ELMER OELTJEN the Southwest Quarter of Section 5, Township 20 North, Range 1 East of the 6th P. M., situate Platte County, Nebraska, together with all the livestock, farm equipment and grain on the place as of the date of my death, subject that he pays any bills outstanding contracted by my son and myself in operating the joint venture on said farm. I also charge the bequest and devise to him with all estate tax, if any is charged against my estate, so that what I give to my daughters shall be free from estate tax. I also charge the bequest to him with all expenses incident to my last illness and my burial. This includes hospital and doctor bills that are incurred before and after my death so long as they relate to my last illness. * * * IV. I hereby give, bequeath and devise unto my daughter ELSIE

OELTJEN OLSON all cash and all the rest, residue and remainder of my property. I charge the gift to my son Elmer with any part of the cash that is necessarily used for the expenses of my last illness and burial except proceeds of bonds sold that I have by this will given to my daughter Edna and which I have hereinbefore specified should be paid to her."

The land devised to Elmer in paragraph I of the will is a farm on which the Oeltjen family lived for many years. It is referred to in the testimony as the "home place." Elmer was born on this land and has lived there all of his life. While Elmer's father, William Oeltjen, was living, Elmer helped him farm the land.

Ida obtained title to the home place as surviving joint tenant upon the death of her husband in June 1946. In August 1946, the children joined in a bill of sale which conveyed any interest they had in the personal property of their deceased father to Ida. Elmer continued to live on the land and help operate the farm.

Prior to 1947, Elmer had no financial arrangement or understanding with either of his parents. In 1947, Elmer and his mother entered into an agreement for a partnership or joint venture, and Ida gave Elmer a bill of sale to a one-half interest in all of the farm machinery and equipment. The partnership agreement, which was unwritten, provided generally for a grain and livestock-feeding operation. Ida was to furnish the land, Elmer was to furnish the labor, and all other expenses were to be shared equally. All of the grain that was raised was fed. Of the grain raised on rented land, Elmer received one-half, Ida received one-tenth, and the landlord received two-fifths. Ida then furnished additional grain equal to the landlord's share. Profits were divided equally.

The will was made in 1955. At that time both of the daughters were married and living away from home. Ida was living in Creston, Nebraska, having moved from the farm in 1952.

Elsie contends that the livestock, farm equipment, and grain on the place at the time of Ida's death was owned by the partnership; that the language of paragraph I of the will cannot be construed to be a bequest of the interest of the deceased in the partnership because it refers to specific property; that a partner cannot bequeath an interest in specific items of partnership property; and that the interest of Ida in the partnership passes to Elsie under the residuary clause in paragraph IV of the will. Elmer contends that the bequest in paragraph I of all the livestock, farm equipment, and grain on the place was intended as a bequest of the interest of the deceased in that property without regard to whether it was her individual property or partnership property. The problem in this case is to determine what disposition Ida intended to make of her interest in the partnership.

The cardinal rule of testamentary construction is to ascertain the intention of the testator as expressed in the will. Carroll v. Hastings College, 172 Neb. 20, 108 N. W. 2d 223. In construing a will the court should give effect to the true intention of the testator as shown by the will itself in the light of the attendant circumstances under which it was made, if that intention is consistent with the applicable rules of law. Katt v. Claussen, 174 Neb. 603, 118 N. W. 2d 1002. No particular words or conventional forms of expression are necessary to enable one to make an effective testamentary disposition of his property. In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793. The intention of the testatrix is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will. Carroll v. Hastings College, *supra*.

When the language of the will is considered in the light of the attendant circumstances under which it was made, we think that it is apparent that the testatrix intended to bequeath all of her interest in the livestock, farm equipment, and grain on the place to

Elmer. The partnership property consisted of the bank account, livestock, farm equipment, and grain. Elmer took the partnership bank account as the survivor under the terms of the deposit. The bequest of the remaining assets of the partnership subject to the liabilities of the partnership was the equivalent of a bequest of her interest in the partnership. We believe that Ida intended that Elmer should receive all of her interest in the livestock, farm equipment, and grain on the place without regard to whether it was individually owned or partnership property.

Elsie suggests that the evidence shows that Ida owned an interest in grain and farm equipment as an individual which would satisfy the bequest of all livestock, farm equipment, and grain on the place. She bases this argument upon the income tax returns which list income from grain and deductions for depreciation for a grain bin and two feeding floors, and upon the inventory filed in the administration proceeding which lists an undivided one-half interest in a 1947 truck.

There is evidence which tends to show that much of the property which Elsie claims was partnership property was individually owned. The bill of sale which Ida gave Elmer in 1947 conveyed a one-half interest in the farm machinery and equipment. The certificates of title to the 1947 truck and the 1961 truck were issued to Ida and Elmer. The bank account used in the partnership operation was payable to either Ida or Elmer or the survivor.

The bequest was of *all* livestock, farm equipment, and grain. There is no evidence that Ida, as an individual, owned any interest in livestock. All of the grain that was raised was fed. Thus, even though the bequest of farm equipment may be satisfied in part out of property which Ida owned as an individual, there is no livestock or grain that is available to satisfy the bequest unless the bequest was intended to include her interest in the partnership. Where possible, a will should be

construed so as to give effect to every part of it.

We conclude that it was the intention of Ida to bequeath all of her interest in the livestock, farm equipment, and grain on the place to Elmer and that the bequest was intended to include her interest in the partnership with Elmer. The judgment of the district court is correct and it is affirmed.

AFFIRMED.