VERA G. DAVIS, APPELLANT AND CROSS-APPELLEE, V. CLEMENT A. WIRTH, APPELLEE AND CROSS-APPELLANT.
131 N. W. 2d 718

Filed December 18, 1964. No. 35759.

Hotz, Hotz & Taylor, for appellant.

John Spiller and Moran & James, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ.; and ROBERT L. SMITH and ROBERT L. FLORY, District Judges.

BOSLAUGH, J.

This is an action to construe the will of Joseph T. Wirth, deceased, who died on November 9, 1961. His will was admitted to probate and his estate administered by proceedings in the county court of Otoe County, Nebraska.

The testator was survived by a daughter, Vera G.

Davis, and a son, Clement A. Wirth. Theresa Wirth, the wife of the testator, died on January 29, 1957.

Vera G. Davis, the plaintiff, has two children, Wirth P. Davis and John P. Davis, who were 18 and 13 years of age, respectively, at the time of the death of the testator. Clement A. Wirth, the defendant, is a member of the Monastic Community of Saint Martin's Abbey at Olympia, Washington. The defendant is under a vow of poverty and all of his property will devolve upon the abbey of which he is a member.

The will is dated January 18, 1957. The first paragraph directs the executor to pay the debts and funeral expenses. The second paragraph is a bequest of the personal property to the wife of the testator. The third and fourth paragraphs of the will are as follows:

"THIRD: I give, devise and bequeath to my wife, Theresa Wirth, all of the use, rents and income from all of my real estate for and during the term of her natural life. However, I give to said Theresa Wright the right to sell and convey, and in her own name to make, execute and deliver good and sufficient conveyance or conveyances for the Northwest Quarter of Section 3, Township 7, Range 13, in Otoe County, Nebraska any time during her life time and to receive the purchase price therefor and to use all or any part of said purchase price and she shall not be required to make an accounting of said purchase price, and any sum that may be remaining from the sale of said land after her death, I, give, devise, and bequeath to my son, Clement A. Wirth.

"FOURTH: After the death of my wife, Theresa Wirth, I give, devise and bequeath to my daughter, Vera G. Davis, the use, rents and income during her natural life from the North Half of the Northeast Quarter and the Southeast Quarter of the Northeast Quarter of Section 11 and the West Half of the Northwest Quarter of Section 12, all in Township 8, Range 13, in Otoe County, Nebraska, and my residence in Nebraska City, Nebraska; it is further my will and I so order that my said daughter,

Vera G. Davis, shall in no manner whatsoever sell, convey, mortgage or encumber such premises; at the death of my said daughter, Vera G. Davis, I give, devise and bequeath the real estate in this paragraph described to her children and the children of any deceased child by right of representation and in the event that no children or the children of any deceased child survive her, my said daughter, Vera G. Davis, then I give, devise and bequeath said real estate in this paragraph described to my son, Clement A. Wirth."

For convenience, the real property described in the third paragraph of the will is referred to as the Heng farm. The real property described in the fourth paragraph of the will is referred to as the other real estate.

The controversy in this case concerns the third and fourth paragraphs of the will. The plaintiff contends that the deceased died intestate as to the property known as the Heng farm, and that the title to the other real estate is vested in her children, free of any interest of the defendant and subject only to her life estate. The defendant contends that the title to the Heng farm is vested in him and that he has a remainder interest in the other real estate in the event that no child or child of a deceased child survives the plaintiff.

The district court found that the deceased died intestate as to the Heng farm and that the defendant has a remainder interest in the other real estate in the event that no child or child of a deceased child survived the plaintiff. Both parties filed motions for a new trial which were overruled. The plaintiff has appealed and the defendant has cross-appealed.

The cardinal rule of testamentary construction is to ascertain the intention of the testator as expressed in the will. First Nat. Bank & Trust Co. v. Oeltjen, 175 Neb. 345, 121 N. W. 2d 816. In construing a will the court should give effect to the true intention of the testator as shown by the will itself in the light of the attendant circumstances under which it was made, if that

intention is consistent with the applicable rules of law.

The testator's wife, Theresa Wirth, was living at the time the will was executed. The will gave her the personal property, a life estate in all of the real property, and the power to sell the property known as the Heng farm and consume the proceeds. Any sum remaining after her death from the sale of the Heng farm was bequeathed to the defendant.

The testator's wife died 11 days after the will was made. Since there is no residuary clause in the will, the deceased died intestate as to any personal property.

Because the testator's wife predeceased the testator, there was no sale of the Heng farm by her and no sum remaining from the sale of the land to go to the defendant. The defendant argues that the words actually used in the will should be subordinated to the controlling intention or dominant purpose of the testator which, according to the defendant, was to provide for the defendant out of the Heng farm. We do not agree that the intention or purpose of the testator included a devise of the Heng farm to the defendant.

The first purpose of the testamentary plan in this case was to provide for the widow as long as she lived. In addition to the bequest of the personal property and the life estate in all of the real property, the will authorized her to sell the Heng farm and use the proceeds without any accounting. The second purpose of the testamentary plan in this case was to preserve the other real estate for the benefit of the grandchildren of the testator. The plaintiff was given a life estate in the other real estate after the death of the widow, but with no right to sell or encumber the property.

Upon the death of the plaintiff, the other real estate was devised to the children of the plaintiff, and the children of any deceased child. In the event that no child or child of a deceased child survived the plaintiff, the other real estate was devised to the defendant. Since the plaintiff had two children in being, the possibility

that the defendant would receive any interest in the other real estate was remote.

The bequest of the sum remaining from the sale of the Heng farm was the principal provision in the will for the defendant. We think that at the time the will was made, the testator believed that his widow would find it necessary to sell the Heng farm. Consequently, the testator intended a bequest of personalty to the defendant which, probably, would have amounted to something less than the entire value of the Heng farm. We conclude, as did the trial court, that the testator died intestate as to the property described in the third paragraph of the will, and that the plaintiff and the defendant each take an undivided one-half interest in this property as heirs of the deceased.

The petition in this case asked that the court find that the remainder interest in the property described in the fourth paragraph of the will was vested in the plaintiff's children free of any interest of the defendant. The district court found that the remainder interest of the children of the plaintiff was contingent. The briefs of the parties are devoted largely to a discussion of whether the remainder interest devised to the children of the plaintiff is to be classified as vested or contingent.

The language used in the fourth paragraph of the will in this case is very similar to that which was involved in Baldwin v. Colglazier, 173 Neb. 775, 114 N. W. 2d 890. The applicable rules are discussed fully in the opinion in that case.

In the Baldwin case, the land was devised to a daughter for life; in the event of her death, to her children; and in the event of no issue or children surviving the daughter, it reverted to the heirs of the testator. We held that the children of the life tenant had a vested remainder subject to defeasance. The same rule is applicable in this case. The children of the plaintiff have a vested remainder subject to defeasance as distinguished

from a contingent remainder. The judgment of the district court is modified accordingly.

The title to the property described in the fourth paragraph of the will is vested in the plaintiff for life, with the remainder vested in her children or the children of any deceased child by right of representation. In the event that no child or child of a deceased child shall survive the plaintiff, the title to the property described in the fourth paragraph of the will will then vest in the defendant.

The judgment of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.