JOHN G. NORCROSS, APPELLANT, v. MILDRED S. GINGERY, APPELLEE.

150 N. W. 2d 919

Filed May 26, 1967. No. 36493.

Frederick J. Patz and Ralph H. Gillan, for appellant.

Dean R. Sackett, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action brought by John G. Norcross against

Mildred S. Gingery to establish the plaintiff's interest in two parcels of real estate in Gage County, Nebraska; to partition the property; and for an accounting of the income from the property since the death of the defendant's husband. The trial court found that there was a failure of proof and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The record shows that in 1939 the plaintiff owned a quarter section of land in Gage County, Nebraska, subject to a mortgage. The mortgage was in default and foreclosure proceedings had been commenced. The plaintiff wanted to refinance the property by obtaining a Federal Land Bank loan but was unable to do so because he did not live on the land.

At about this time the plaintiff was introduced to Fred W. Gingery, the defendant's late husband, by Charles Wells, a mutual acquaintance. Gingery then lived on a 30-acre tract near Filley, Nebraska. The plaintiff alleged that he and Gingery entered into a written partnership contract to operate a farming and livestock-feeding business in Gage County, Nebraska. The plaintiff's copy of the contract had been lost or destroyed, and he was unable to produce a copy of the contract.

Charles Wells testified that he had recommended Gingery to the plaintiff and was present in March of 1939 when they discussed a partnership arrangement. According to Wells, the plaintiff made a proposal to Gingery about the quarter section and the 30-acre tract near Filley and "they was to go in fifty-fifty on the deal"; that Gingery "was to make a farm loan * * * to pay off the mortgage" that the plaintiff had on the quarter section; and that "they was to go in fifty-fifty at Filley and this place out here." The evidence shows that Gingery obtained a $6,000 Federal Land Bank loan on the quarter section in March 1939 and that most of the net proceeds were used to pay off a mortgage and other indebtedness of the plaintiff.

The record further shows that on March 29, 1939, the

plaintiff and his wife conveyed the quarter section to Fred W. Gingery and the defendant as joint tenants. The deed recites "Six Thousand Dollars and exchange of properties" as the consideration. On the same date, Fred W. Gingery and the defendant conveyed the 30-acre tract to Lucile B. Norcross who was then the plaintiff's wife. This deed recited the consideration to be "One Dollar and exchange of property."

The deed to Mrs. Norcross was never recorded. On October 11, 1945, Fred W. Gingery and the defendant conveyed the 30-acre tract to Casey Gray and Ferne Gray. On March 25, 1946, Paul M. Logan and Grace E. Logan conveyed a 40-acre tract to Fred W Gingery and the defendant as joint tenants. Gingery died in February 1962.

The plaintiff claims that the quarter section and the 30-acre tract were assets of the partnership; that the 40-acre tract was purchased with the proceeds from the sale of the 30-acre tract; that the title to the property was placed in the name of Fred W. Gingery and his wife solely for convenience; and that the plaintiff has an interest in the quarter section and the 40-acre tract. The plaintiff alleged that there never had been a partnership accounting and did not allege the exact interest that he claimed in the property.

After 1939, the plaintiff entered defense work and lived at Davenport, Iowa, and Baltimore, Maryland, until about 1948. During this time Gingery lived on the quarter section and farmed it and the other Gage County land. He also looked after other property in Kansas for the plaintiff. The plaintiff produced a series of letters written by Gingery between March 2, 1941, and September 24, 1947, which were received in evidence. The letters indicate that Gingery was conducting a farming and livestock-feeding business in which the plaintiff had some form of an interest but the nature of that interest is not disclosed.

Of significance here is the absence from the letters

of any accounting of the business during the years involved. It is difficult to imagine a partnership of 23 years' duration that was conducted without written records or any accounting between the partners. The failure of the plaintiff to produce evidence of this nature is not explained in the record.

In this action it was necessary for the plaintiff to prove not only the existence of a partnership but an intent to contribute the property to the partnership. The plaintiff assumes the existence of the partnership and then argues that the use of the property for partnership purposes proves an intent to devote the property to purposes of the partnership. Use of the property alone is not sufficient because an owner may intend to contribute only the use, as distinguished from the ownership, to the partnership. See, Warren v. Raben, 33 Neb. 380, 50 N. W. 257; Murphy v. Warren, 55 Neb. 215, 75 N. W. 573.

The plaintiff's evidence in this case was largely circumstantial. Circumstantial evidence is not sufficient unless the circumstances proved are of such a nature and so related to each other that the conclusion reached is the only one that fairly and reasonably can be drawn therefrom. Bowers v. Maire, 179 Neb. 239, 137 N. W. 2d 796. Where several inferences may be drawn from the facts proved, which inferences are opposed to each other but equally consistent with the facts proved, the plaintiff may not sustain his position by a reliance alone on the inferences which would entitle him to recover.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.