206 N.W.2d 845 (1973)
190 Neb. 169
Ralph DOVER and Ralph Dover, Administrator of the Estate of Edna Dover Miller, Deceased, Appellees,
v.
GRAND LODGE OF NEBRASKA INDEPENDENT ORDER OF ODD FELLOWS, Appellant.
No. 38725.
Supreme Court of Nebraska.
April 27, 1973.
Hutton & Garden, Norfolk, for appellant.
Moyer & Moyer, George H. Moyer, Sr., Madison, for appellees.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON and CLINTON, JJ.
NEWTON, Justice.
The matter presented involves the construction of the last will and testament of Nettie M. Dover, deceased. The District Court held that defendant had not acquired any interest in the property of the estate. We affirm that judgment.
The duly probated last will and testament of decedent provided: "Third.-I give and devise my real estate, to-wit, the West Half of the Southwest Quarter of Section Four, Township Twenty-two North, Range One West of the 6th P.M., Lots Six and Seven in Block Seventy-nine of Northwest Addition to the City of Madison and Lots Seven and Eight of Dickerson's addition to the Village of Enola, all in Madison County, Nebraska, and all other real estate that I may own at the time of my death, to my *846 said daughter Edna M. Arehart, to have and to hold the same for and during her lifetime, and at her death to her issue in equal shares, or if she shall leave no issue, then to the Odd Fellows Home at York, Nebraska, or to the trustees or body corporate which shall be qualified to take title thereto and apply the same to the exclusive use and benefit of said Odd Fellows Home, being a home maintained at York, Nebraska, for aged and indigent odd fellows, their widows and orphans. Provided, if my said daughter Edna M. Arehart shall be left a widow, then upon her becoming a widow, I give and devise all my said real estate to her, my said daughter, by absolute title, believing she may need the same for her maintenance."
Testatrix died January 1, 1942. She was the mother of Edna Dover Miller, formerly Edna M. Arehart. The husband of Edna Dover Miller died January 1, 1969. She never remarried but died a widow on December 5, 1970, without issue.
The intent of the testatrix appears to be clear. The real estate described in the third paragraph of the will is devised to the testatrix' daughter for life, with a provision that if the daughter should become a widow, the remainder interest should immediately vest in the daughter. This is an executory interest which abridged and terminated the life estate and vested the fee simple title in the daughter Edna Dover Miller. The contingent interest of defendant, which could take effect only in the event the daughter failed to become a widow and failed to leave issue, was thereby terminated.
The cardinal intention of testamentary construction is to ascertain and effectuate the intention of the testator when it can be done consistent with the rules of law. See First Nat. Bank & Trust Co. v. Oeltjen, 175 Neb. 345, 121 N.W.2d 816.
The judgment of the District Court is affirmed.
Affirmed.