VIRGINIA RELLER, EXECUTRIX OF THE LAST WILL AND TESTAMENT AND ESTATE OF MERRILL R. RELLER, DECEASED, APPELLEE, V. DONALD R. HAYS ET AL., APPELLEES, IMPLEADED WITH SALLY A. HAYS ET AL., APPELLANTS, ROLLIE C. JOHNSON, APPELLEE AND CROSS-APPELLANT.

220 N. W. 2d 228

Filed July 18, 1974. No. 39399.

A. James McArthur, for appellants.

Fredric H. Kauffman of Cline, Williams, Wright, Johnson & Oldfather and William P. Kelley, for appellee Reller.

Nelson, Harding, Marchetti, Leonard & Tate and Alan J. Plessman, for appellee Johnson.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action by the executrix of the will and estate of Merrill R. Reller, deceased, to recover from the beneficiaries of the estate the inheritance and estate taxes which had been apportioned and prorated to the respective shares. The trial court sustained the plaintiff's motion and entered summary judgment against the beneficiaries, including the trust, for the taxes plus interest which had been paid by the executrix.

The appellants are Sally A. Hays and John McArthur, beneficiaries of the trust created under paragraph III of the will. They contend the trial court erred in considering the lands devised to Sally A. Hays in paragraph V of the will as a part of the corpus of the trust, and in charging to principal the interest on taxes due from the trust.

There is no controversy concerning the amounts of the taxes, the apportionment of the taxes, the payment by the executrix, or the fact she has not been reimbursed.

Paragraph III of the will devised the Commercial Center in trust subject to terms and conditions set out in the

will. The Commercial Center is a tract of land lying north of Cornhusker Highway and west of Fortieth Street in Lincoln, Nebraska. It includes a large trailer court and a number of business buildings. The will provided generally for the Commercial Center to be held in trust during the life of Virginia Reller, the widow of the deceased and the executrix, and for 5 years thereafter, with remainder to Donald R. Hays, Sally A. Hays, John McArthur, and Rollie C. Johnson. Upon the death of Virginia Reller, the life income beneficiary of the trust, Donald R. Hays and Sally A. Hays, Rollie C. Johnson, and John McArthur become income beneficiaries of the trust for a period of 5 years after which the trust is to be dissolved and the property divided among these beneficiaries.

Paragraph V of the will provided: "It is my will and I give, devise and bequeath to Donald R. Hays and Sally A. Hays, or the survivor of them, the home and immediate premises developed and being used by them. In event they predecease me, then said bequest shall go to their surviving children by right of representation." In 1969, Donald R. Hays, the trustee named in paragraph III of the will, brought an action for the construction and interpretation of the will of the deceased. In that action the trial court found: "There was evidence as to Paragraph V. However this part of decedant's (decedent's) will is not presented within the issues pleaded, and the evidence in the record is insufficient to establish a claim or interest of Donald R. Hays and Sally A. Hays to any part of the Commercial Center property." The judgment of the District Court in that action was affirmed in all respects in Hays v. Johnson, 187 Neb. 307, 189 N. W. 2d 475.

Sally A. Hays made no showing in this case and there was nothing before the trial court to show that Donald R. Hays or Sally A. Hays have ever established any right to any part of the Commercial Center property. There is nothing in the record upon which the trial court could

have determined that Sally A. Hays was the owner of a specific portion of the land known as the Commercial Center.

With respect to interest on the inheritance and estate taxes charged against the principal of the trust, the appellants contend the interest on the taxes should have been charged to income. They rely upon Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485, and other similar cases holding generally that interest on a mortgage or trust property should be charged to income.

The general rule is that ordinary expenses incurred in the administration, management, and preservation of the trust property including regularly recurring taxes should be charged to income. Estate and inheritance taxes are not regularly recurring taxes and ordinarily should be charged to principal. The Revised Uniform Principal and Income Act provides that in the absence of a contrary provision in the trust instrument, estate and inheritance taxes, including interest and penalties, levied in respect of a trust in which both an income beneficiary and a remainderman have an interest, should be charged against principal even though the income beneficiary also has rights in the principal. 7 U.L.A. (Master Ed.), § 13 (c) (5), p. 652. See, also, III Scott on Trusts (3d Ed.), § 233.2, p. 1902.

Where, as in this case, the personal representative is also the life income beneficiary, some allowance should be made to compensate for income realized on the amount of the taxes during the time the principal was not diminished by the taxes apportioned and charged to it but not yet paid out of the trust property. The principle is illustrated by the following statement in Commissioner of Internal Revenue v. Wade, 155 F. 2d 918: "As a matter of equity, however, interest falling due upon an estate tax during a delay in the payment of a deficiency ought to be borne by the life beneficiary, at least so far as he has during the delay actually received income, which he would

not have received had the correct tax been ascertained and paid at once." See, also, in re Estate of Forsheim, 235 N.Y.S. 2d 945, 37 Misc. 2d 969; In re Smith's Will, 82 N.Y.S. 2d 468; In re Estate of Harjes, 10 N.Y.S. 2d 627, 170 Misc. 431; Jones v. Hassett, 45 F. Supp. 195. Such adjustment is necessary to prevent the income beneficiary from receiving income twice from the same property at the expense of the residuary beneficiaries.

To determine the amount of the allowance or adjustment which should be made, it will be necessary to receive evidence. The cause is, therefore, remanded to the District Court for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.